### 7541. SWILLING *v.* THE STATE.

1. The prisoner's statement at the trial was not excluded from the consideration of the jury by the instruction that "the discovery of the truth is limited to the testimony in the case;" this being followed by an instruction that they might give the prisoner's statement such weight as they saw proper, and believe it in preference to the sworn testimony in the case.

2. An instruction to the effect that if the person killed was making an attack upon the accused with a weapon likely to produce death, it would be a felony, and "would reduce the crime from murder to some other crime, provided it was not justifiable entirely throughout," was not subject to the objection that under the facts recited, the killing would be justifiable homicide, and that "the court should have charged the jury, under these facts, to acquit the defendant, but under this charge the jury was forced to find the defendant guilty of some other crime."

3. The instruction on the defense that the accused killed under the fears of a reasonable man was not subject to the exception that it restricted him to that defense.

4. The court is not required to charge the jury on a theory based solely on the statement of the accused, when no timely written request for such an instruction has been made.

5. The verdict was authorized by the evidence.

DECIDED SEPTEMBER 21, 1916.

Indictment for murder—conviction of manslaughter; from Hart superior court—Judge Worley. April 22, 1916.

*A. S. Skelton, A. A. McCurry, J. A. McDuff*, for plaintiff in error. *Thomas J. Brown, solicitor-general, W. L. Hodges, A. G. & Julian McCurry*, contra.

HODGES, J. 1. Error is assigned upon the following instruction of the court: "The object of all legal investigation is the discovery of truth, and the discovery of the truth is limited to the testimony in the case." It is contended that this instruction eliminated from consideration the prisoner's statement at the trial. It has been repeatedly ruled that where the court fully and correctly instructs the jury upon the law as to the right of the accused to make a statement at the trial, and as to the weight they may give to the statement (as the court did in this case), instructions referring to the testimony are not subject to exception on the ground stated in this exception. *Griggs* v. *State*, 17 *Ga. App.* 301 (13), 304 (86 S. E. 726).

2. The court charged the jury: "The defendant in his plea sets up that when he shot the person named in the indictment, he was laboring under the fears of a reasonable man that the deceased intended to commit some felony on him with a stick that was a weapon likely to produce death; and if you believe from the testimony that the stick in the hands of the deceased was a weapon likely to produce death, and that he was making an attack upon him with a stick, then that would be assault with intent to

murder, and that would be a felony; and if a felony, that would reduce the crime from murder to some other crime, provided it was not justifiable entirely throughout." Exception to this excerpt is taken on the ground that the killing, under the state of facts recited in the charge, would be justifiable homicide, and that "the court should have charged the jury, under these facts, to acquit the defendant, but under this charge the jury was forced to find the defendant guilty of some other crime." The question as to whether the facts make a case of justifiable homicide is always a question of fact to be determined by the jury, and it would have been error for the judge to charge the jury as it is here contended he should have charged. It is never proper for the court to state, in instructions to the jury, that certain facts would make justifiable homicide, and direct the jury to acquit under those facts.

3. The judge instructed the jury as follows: "The defendant in his defense undertakes to set up that he killed under the fears of a reasonable man. Then it is incumbent on him to set up that fact,—not beyond a reasonable doubt, but if he sets it up to your satisfaction that is sufficient." It is insisted that this charge restricted the defense to a killing based upon the fears of a reasonable man, and deprived the defendant of the defense provided by law, which justifies homicide in self-defense. There is no merit in this exception. The judge can not always state in one sentence the entire law controlling the case. In this case the judge did fairly submit to the jury, in his charge, the law of self-defense, and the excerpt excepted to must be considered in connection with the entire charge.

4. No testimony was offered by the defendant. He relied entirely upon his statement. Under the rulings of the Supreme Court and of this court, the trial judge is not required to charge any theory based solely upon the statement of the accused, when no timely written request therefor has been made. In this case the judge charged upon both theories on which the defense relied, and no error was committed in the charge.

5. The verdict was authorized by the evidence.

*Judgment affirmed.*