### 11225.   WILLIAMS *v.* THE STATE.

LUKE, J.  1. The court did not err in overruling the demurrer to the indictment.

2. Upon the hearing of the defendant's motion for a continuance, based upon the absence of a material witness, the movant did not state that he expected to have the testimony of the witness at the next term of the court. It was therefore not error to overrule the motion.

3. The charge upon the subject of recent possession of stolen property was confusing to the jury, in that it tended to mislead them into thinking. that the defendant had the burden of showing that he had never been in the recent possession of the stolen property. As it was a very close case upon its facts, this error requires another trial.

　　　*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 15, 1920.

Indictment for larceny from house; from city court of Carrollton — Judge Beall. December 5, 1919.

Williams was convicted of simple larceny, under an indictment which charged larceny from the house. The indictment described the stolen property as "one leather collar of the value of $4.00, and one pair leather buggy lines of the value of $2.00, of the personal goods of" Emory Thomas in his buggy-house. In the demurrer it was contended that this description was not sufficiently specific.

As to possession of the articles alleged to have been stolen, the court charged the jury as follows: "Were they recently found in the possession of Will Williams, the defendant on trial? If you find that they were, has Will Williams made satisfactory explanation of his possession and shown to your satisfaction that he was not recently in possession of them? If he has, then you could not convict him. But if you should find that the goods were stolen, that they were recently found in the possession of Will Williams, the defendant, and he has not made satisfactory explanation, and explanation that satisfies you as jurors, then that would be a circumstance that would authorize you to convict the defendant." In the motion for a new trial it is alleged that the court erred in charging, "If you find that they were [recently found in the possession of Will Williams], has Will Williams made satisfactory explanation of his possession and shown to your satisfaction that he was not recently in possession of them." The exception to this part of the charge is that it "conveyed to the jury the idea that movant must show that he was not in recent possession of the goods, rather than that he must explain possession; and such language is so positive and so misleading that no subsequent language in an effort to modify the same could be sufficient to clear the minds of the jury of the impression."

*R. W. Adamson,* for plaintiff in error.

*Willis Smith, solicitor,* contra.