## 13541.   MARTIN *v.* THE STATE.

The instruction to the jury that " the defendant pleads not guilty to the charges which are thus made against him, and the charges and the plea form the issue that you are to try and determine by your verdict," was not subject to the exceptions taken.

The instructions on manslaughter and justifiable homicide, and as to the offense of stabbing, were not erroneous for any reason assigned.

An instruction to the effect that the jury should take " the evidence from the witnesses," apply the law to it, and make up their verdict, was not ground for a new trial for the reason alleged, that the jury were not instructed to consider the defendant's statement along with the evidence of the witnesses. The court properly instructed the jury as to the defendant's right to make a statement at the trial, and as to the jury's right to accept it or to disbelieve it.

The verdict finding the defendant guilty of voluntary manslaughter was authorized.

DECIDED JULY 11, 1922.

Conviction of manslaughter; from Murray superior court — Judge Tarver. March 25, 1922.

*H. H. Anderson, C. N. King, W. E. & Gordon Mann, Maddox, McCamy & Shumate,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

LUKE, J. 1. Martin was indicted for murder, and the jury found him guilty of voluntary manslaughter. The evidence, though in conflict, authorized the verdict. The defendant con-

tends, as special grounds of his motion for a new trial, that the court erred in charging the jury as follows:

(*a*) " The defendant pleads not guilty to the charges which are thus made against him, and the charges and the plea form the issue that you are to try and determine by your verdict." It is insisted that this is error, because the defendant contended that the killing was justifiable homicide. There is no merit in this assignment of error, for the court fully instructed the jury upon this defense. In addition, this instruction is correct.

(*b*) " In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury upon the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." (Penal Code, § 65.) The movant contends that this charge deprived him of the benefit of his contention that the killing was justifiable, and excluded from the consideration of the jury the defense relied upon by him that at the time of the killing he was acting under the fears of a reasonable man, in good faith, and believed that his life was in danger, and that the law of voluntary manslaughter was not properly in the case. We do not agree with this contention. Manslaughter was involved in the case, and it would have been reversible error for the court to fail to charge the jury the law of manslaughter.

(*c*) " If you find from the evidence in this case that at the time of the killing or prior thereto the deceased had made an assault upon the defendant, Jim Martin, or had made an attempt to commit a serious personal injury upon him, or that other equivalent circumstances existed sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice,

and that, as a result of the passion thus excited and without deliberation or malice, the defendant shot and killed the deceased, he would not be guilty of murder, but he would be guilty of voluntary manslaughter, and it would be your duty to so find." The movant insists that this excluded from the consideration of the jury his defense that he shot the deceased because of the attack which the deceased was making upon him with a deadly weapon and that the killing was in self-defense and justifiable. And further, he insists that the court erred in not leaving it for the jury to say whether or not the demonstrations (menaces) made by the deceased with the knife were sufficient to excite in his mind a reasonable fear that the deceased intended to kill him or to commit a felony upon his person. This exception is wholly without merit. The jury were fully charged upon the defendant's defense and the issue raised by the evidence.

(d) "When a man makes an assault upon another with a deadly weapon and has the intent to kill, and when the killing, had death resulted because of the assault, would have been murder, the man making the assault, if death was not the result, is guilty of the offense of assault with intent to murder, which is a felony." Movant insists that this excerpt is error because it is not adjusted to the facts of the case, and because " it was not a question of what the intent of the deceased may have been when he advanced upon movant with the knife," and because the excerpt is confusing and did confuse and mislead the jury. This ground is without merit. The excerpt complained of is a correct abstract statement of the law, and is not confusing or misleading.

(e) "Any person who shall be guilty of the act of stabbing another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife or other instrument of the like kind, shall be punished as for a misdemeanor, provided that if such stabbing shall produce death, the offender shall be guilty of murder, or manslaughter, according to the facts and circumstances of the case; or, if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit murder, the offender shall be guilty of an assault with intent to murder." (Penal Code, § 114.) The movant contends that the law of stabbing was not involved in the case, and further contends that the excerpt complained of placed a

greater burden upon him than the law authorizes,— that of requiring him to have knowledge of the intent in the mind of the deceased, if the deceased only intended to stab the movant and not to kill him. This exception, in the light of the evidence and of the charge as a whole, is without merit.

(*f*) "If he was only justified in believing at the time that the offense of stabbing only was being attempted to be committed upon his person by the deceased, he was not justified in shooting the deceased," and later charging, "as already stated, if he shot and killed the deceased in order to prevent the commission of a misdemeanor upon his person, he was not justified." Movant insists that these instructions placed upon him a greater burden than the law requires and unduly impressed upon the minds of the jury that the deceased intended only to stab him, which was a misdemeanor, and that at the time of the shooting he was authorized in so believing, and therefore was guilty of manslaughter. This contention is without merit.

(*g*) "If at the time defendant shot the deceased he was acting under the fears of a reasonable man that the deceased was attempting to commit the offense of assault with intent to murder upon his person, and under the belief of a reasonable man that it was necessary to shoot in order to prevent the commission of such crime upon him; or to save his own life, he would not be guilty of any offense, and it would be your duty to so find." The movant insists that this is error because it placed upon him a greater burden than was placed by the law, and further because the court charged the law of voluntary manslaughter as being within the range of the evidence, and without qualification instructed the jury that "menaces or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," and because it was contradictory to what the court had previously charged, and confused and misled the jury. We do not agree with the contentions of the movant. This charge was proper, adjusted to the evidence, and, when read in connection with the entire charge, is favorable to the defendant.

(*h*) "If you find that the defendant and the deceased at the time were then and there present, one with a knife and one with a shotgun, both ready to fight and both acting under the heat of passion, and they did fight under those circumstances, and the de-

fendant shot and killed the deceased, he would be guilty of voluntary manslaughter." Movant insists that this excerpt is error because there is no evidence in the case showing mutual combat or that he and the deceased were engaged in a fight, and because the court failed to instruct the jury, in this connection or elsewhere in the charge, that although the movant may have been at fault previous to the killing, this did not take from him the right to defend himself if an emergency arose, the facts of which would justify the killing, under the law. When this excerpt from the charge is read in connection with the entire charge, the exception is wholly without merit. Mutual combat was involved, and it would have been error for the court to fail to charge the jury upon the law of mutual combat.

(i) " In all criminal cases you are the judges of the law as well as the facts, in the sense, however, that you take the law from the court, the evidence from the witnesses, apply the one to the other, and make up your verdict." Movant insists that this is error because the jury were instructed to make their verdict after applying the evidence of the witnesses, and were not instructed to consider his statement along with the evidence of the witnesses. When the charge of the court is read in its entirety, this excerpt is not subject to the objection raised. The court properly instructed the jury with respect to the right of the defendant to make a statement, and the jury's right to accept it or to disbelieve it. See *Mulligan* v. *State*, 18 *Ga. App.* 464 (2), 467 (89 S. E. 541), and cit.; *Swilling* v. *State*, 18 *Ga. App.* 618 (1) (90 S. E. 78); *Hamilton* v. *State*, 18 *Ga. App.* 295 (9) (89 S. E. 449).

2. The accused has had a legal trial, and the jury, who were the arbiters of the facts, were authorized to return the verdict of voluntary manslaughter. This verdict has the approval of the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*