### 18547.   QUARLES *v.* THE STATE.

BROYLES, C. J.   1. This court can not hold that the trial judge abused his discretion in denying the motion for a continuance of the case, based upon the absence of a material witness, since upon the hearing of the motion the movant failed to state that he expected to have the testimony of the witness at the next term of the court.   *Williams* v. *State*, 25 *Ga. App.* 380 (2) (103 S. E. 685).

2. Those grounds of the motion for a new trial which allege that the court erred in allowing the solicitor-general to propound certain questions to a witness, over the objections of the accused, fail to set out the answers of the witness, and therefore raise no question for consideration by this court.   *Kerney* v. *State*, 21 *Ga. App.* 500 (94 S. E. 625), and cit.

3. Ground 4 shows no error in the questioning of a witness by the trial judge, nor any good reason why the motion for a mistrial should have been granted.

4. It was not error for the court to instruct the jury as follows:   "When witnesses appear and testify, they are presumed to speak the truth, and are to be believed by the jury unless impeached in some manner provided by law, or otherwise discredited in your judgment."   *Hamilton* v. *State*, 143 *Ga.* 265 (5) (84 S. E. 583).

5. Ground 6 of the motion is without merit.

6. The charge upon the law of alibi was not error for any reason assigned.   *Smith* v. *State*, 3 *Ga. App.* 803 (61 S. E. 737), and cit.

7. The charge set forth in ground 8 of the motion was not error for any reason assigned.   *Martin* v. *State*, 28 *Ga. App.* 723, 727 (113 S. E. 27), and cit.

8. The court did not err, in the absence of a proper written request, in failing to instruct the jury on the rule as to reconciling conflicting testimony.   *Lewis* v. *State*, 125 *Ga.* 48 (53 S. E. 816).

9. In the light of the evidence adduced and the charge of the court, and in the absence of a proper written request, the failure to charge as set forth in ground 10 of the motion was not error.

10. Ground 11 of the motion is without substantial merit.   A clear charge on the subjects of reasonable doubt and the presumption of the defendant's innocence, with an instruction that it is the jury's duty to acquit if they should have a reasonable doubt of the guilt of the accused, sufficiently informs the jury that the burden is on the State to prove the defendant's guilt beyond a reasonable doubt.   *Watts* v. *State*, 20 *Ga. App.* 182 (2) (92 S. E. 966); *Thomas* v. *State*, 129 *Ga.* 419 (4), 423 (59 S. E. 246).

11. The verdict was authorized by the evidence.

<em>Judgment affirmed.   Luke and Bloodworth, JJ., concur.</em>

DECIDED DECEMBER 14, 1927.

---

Criminal Law, 16 C. J. p. 505, n. 23; p. 831, n. 66; p. 976, n. 42; p. 977, n. 53; p. 986, n. 64, 70; p. 991, n. 7; p. 1005, n. 59; p. 1006, n. 69; p. 1014, n. 54; p. 1015, n. 80; p. 1058, n. 37; p. 1061, n. 61; p. 1219, n. 67; 17 C. J. p. 89, n. 65; p. 233, n. 83; p. 235, n. 91.

Intoxicating Liquors, 33 C. J. p. 759, n. 98.

Transporting intoxicating liquor; from Murray superior court —Judge Pittman. October 1, 1927.

The ground of the motion for a new trial referred to in paragraph 3 of the decision, after setting out testimony of a witness for the defense who was being examined by the court, in which occurred the statement that he "did not pass Luke, him and that mule, on the road," followed this testimony with these questions and answers: Q. "Did you pass him on the road?" A. "Who, Luke?" Q. "Him and that mule." A. "No." Q. "Did not pass him?" A. "I did not go by his house." Q. "What say?" At this point counsel for the defendant objected "to the questioning by the court," and moved for a mistrial, and "before counsel could state his reasons for objecting and why a mistrial should be granted," the court overruled the objection and the motion. It is contended that this questioning was a violation of section 1058 of the Penal Code as to the expression or intimation of an opinion of the court as to what had been proved, and that the questions were not "within the limitation of law with regard to the court's questioning of a witness;" that "the court should have remained silent as the sphinx" until the time to charge the jury.

In the ground referred to in paragraph 5 of the decision it is alleged that the court erred in charging as follows: "In determining what weight you will attach to the testimony of any witness, you will look to his appearance on the stand, consider his manner of testifying, his interest or want of interest in the case, his feeling, prejudice or bias, if anything of the sort is made to appear, together with his opportunity of knowing the facts about which he testifies, and his inducement, if any, to swear falsely; and you will consider also the personal credibility of witnesses; you may consider also the number of witnesses. However, I charge you that the greater weight of testimony is not necessarily with the greater number of witnesses." It is contended that the effect of the use of the word "his" was to withdraw from consideration the testimony of a female witness for the defendant; and that in other respects these instructions were prejudicial.

The instructions referred to in paragraph 6 of the decision were as follows: "The defendant in this case has set up the defense of alibi. Alibi, as a defense, involves the impossibility of the prisoner's presence at the scene of the crime at the time of its

commission, and the range of the evidence in respect to time and place must be such as to reasonably preclude the possibility of his presence. When a defendant sets up a defense of an alibi the burden is on him to establish his defense of an alibi to the reasonable satisfaction of the jury, and it is your duty to consider the evidence on the question of alibi along with all other evidence introduced in this case, and if all the evidence so considered creates in your mind a reasonable doubt as to the guilt of the prisoner, then it is your duty to give him the benefit of that doubt and to acquit him, the law being, before you can convict him you must believe him guilty beyond a reasonable doubt." It is contended that these instructions are incomplete, confusing, and misleading; that the court should have added certain other instructions (set out) as to the duty to acquit if the defense of alibi had been proved to the reasonable satisfaction of the jury; and that the court should have instructed the jury to consider the defendant's statement in connection with the evidence on alibi, and should have instructed them that if they had a reasonable doubt as to whether the accused had established the alibi, he should be acquitted.

Paragraph 7 of the decision refers to the following part of the charge: "Look to all the evidence in the case, and if you believe from the evidence, as reasonable men, viewing it in the light of common sense, that the defendant is guilty of this charge, you ought to convict him. If you do not believe he is guilty, you ought to acquit him." It is contended that this withdrew from consideration the defendant's statement.

Paragraph 9 of the decision refers to the failure to charge the jury as follows: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other of innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence."

Paragraph 10 of the decision refers to the failure to charge as follows: "The burden is upon the State to prove the defendant's guilt beyond a reasonable doubt; and in order to have carried this burden, they must have proven every material allegation in the indictment in this case beyond a reasonable doubt."

*H. H. Anderson, W. B. Robinson,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.