## HOOK *vs.* STOVALL, DUNN & COMPANY.

1. In a suit for the price of a negro sold and warranted to be sound, if the proof shows that there was unsoundness at the time of the sale, the verdict must make *some* deduction from the agreed price, whether the negro in the unsound state was worth more than the agreed price or not.

2. The proper measure of damage in such a case, is the difference between the value of the property, if sound, as it was warranted to be, and its value unsound, as it actually was at the time of the sale—the agreed price being taken as the standard of sound value, and the unsound value being proportioned to it.

3. A witness cannot express his opinion upon facts stated by another witness, unless he is an expert.

Complaint, in Jefferson Superior Court. Decision by Judge HOLT, at April Term, 1860.

This was an action upon a promissory note in the short form. The defense relied upon was a partial failure of consideration, in this : that the note sued on was given for a negro girl slave named Mary, warranted sound by defendants in error to plaintiff in error, when said slave was unsound at the time of sale. The question of fact was submitted by the Court to the jury, who rendered a verdict for the plaintiff in the Court below, for the full amount of the note, with damages for a frivolous appeal. The defendant moved the Court for a new trial on ten grounds, the first five of which are substantially, that the verdict was contrary to the law and the evidence. The other grounds are as follows :

6th. Because the Court refused, while plaintiff's attorney was arguing the case to the jury, to stop him, upon objection of defendant, from stating to the jury, that they offered to prove a tender by plaintiff, after the sale of the negro to defendant, of the consideration back to defendant, and an offer to take back the negro, and adding thereto words asserting the truth of said facts.

7th. Because the Court erred in charging the jury, that the difference between the slave's value, sound, without reference to the price to be paid for her, and her value, diseased as she was, being ascertained, that difference was the damage to which the defendant was entitled, and should be deducted

from the amount of the note at the time it was given.   If the jury find a breach of covenant, they must look to the whole evidence, and from that come to the best conclusion they can as to the damage resulting to the injured party therefrom, and, be it much or little, allowed it to him.

8th. Because the Court refused to charge the jury, when requested in writing by defendant, " that before the jury could find the full amount of the note sued upon to be due, they must first find that the eye was not diseased at the time of the warranty."

9th. Because the Court refused to allow said defendant to ask his witness, William A. Stokes, " if the negro girl was, in March, 1852, (the time of the trade,) worth $630 00, sound, what would she be worth at that time, unsound in her eye, as testified by Dr. R. R. Dickson ?"

10th. Because the Court refused to allow said defendant to ask said witness, Stokes, "what was the difference between the value of said girl with her eye sound and with it unsound, as testified to by Dr. R. R. Dickson ?"

The motion for a new trial was refused by the Judge of the Court below, and, in his decision thereupon, he says that the sixth ground of motion is not true in fact; that, as to the seventh ground, he charged the jury in the language of the Supreme Court in this case ; that, as to the eighth ground, the request to charge differed but little from the charge which had been given, and that, as far as it conformed, it was not necessary to be repeated ; and, as far as it differed, was improper; that, as to the ninth and tenth grounds, the witness, Stokes, was not examined as an expert, and his opinion was asked upon the facts testified to by another witness. As to the first five grounds, the Judge of the Court below says that the verdict sought to be set aside is the third concurring verdict of special juries, deciding facts almost identical, and expresses his satisfaction with the same.

To the decision of the Court below, refusing the motion for a new trial, counsel for defendant below excepted, and assigns error thereupon.

John T. Shewmake, for plaintiff in error.

Edward H. Pottle, for defendants in error.

Hook *vs.* Stovall, Dunn & Co.

*By the Court.*—STEPHENS, J., delivering the opinion.

The Judge refused to charge as requested, that before the jury could find the full amount of the note, they must first find that the negro was not diseased at the time of the warranty. Upon a former trial of this same case (see 26 *Ga. Rep.*, 709,) this identical charge was refused by the presiding Judge, and adjudged by this Court to have been a proper charge. The refusal to give it was distinctly adjudged to have been *error;* why it should have been refused again, I cannot understand. All that we can do in the present position of the case is, to adjudge again as we do adjudge, that the refusal was error. The proposition is sound law, and it is applicable to the case. There are also two other points which need elucidation for use in the new trial.

2. The measure of damages laid down by the Judge in this case, while it is a literal extract from the opinion of Judge McDonald on the former trial of this same case, is but a part, which, separate from its context, leads to a conclusion directly opposed to the fair conclusion which is to be drawn from the whole opinion. This isolated part is inaccurate, and the inaccuracy is easily detected by its departure from the general reasoning of the opinion. That general reasoning is strong and clear, and rests upon the foundation that the agreed price of the negro is the guiding-star in estimating the damage caused by her unsoundness. In the extract, Judge McDonald does say that the damage is the difference between the value of the negro, if sound, and her value unsound, "without reference to the price to be paid for her;" but I cannot resist the conviction, "without" was written for *with,* by a slip of the pen, or from a momentary vibration of the idea. Read, "*with* reference, for "*without* reference," and the whole opinion becomes consistent with itself and with the previous rulings of this Court upon the same subject. This accident seems to have created some difficulty with members of the bar, as well as with the Judge who presided on the trial below. I will endeavor to place the rule where there can be no misapprehension concerning it for the future. The damage to be recovered or deducted (for there is no difference whether the damaged party sues or is sued) is the difference between the value of the property, if sound as it was

warranted to be, and its value, unsound, as it actually was at the time of the warranty, *the agreed price being taken as the standard of the sound value.*

There is no difficulty in the practical application of this rule; for though no witness perhaps would fix the same price which the parties may have fixed, yet each witness may fix his own price upon the sound article and upon the unsound, and the difference will show the *per centum* of loss on the sound value fixed by him. *The same per centum* taken off of the *purchase-money* will give the true damage. An intelligent witness could shorten the process by stating at once the ratio or *per centum* of damage caused by the unsoundness, as that the disease had lessened the value one-half, one-fifth, or one-hundredth. In other words, it is a *proportioned* part of value to be taken off, and not an absolute quantity. Any other rule is inconsistent with the doctrine uniformly held by this Court, that where the unsoundness renders the property totally worthless, the measure of damages is the purchase-money. An instance will illustrate the inconsistency : Suppose a man pays $800 for a negro actually worth $1,000, (no improbable supposition,) taking a warranty of soundness; the negro turns out to have been diseased, and the witnesses state that the negro, sound, would be worth $1,000, but unsound, is worth only $100; on the rule as laid down by the Judge in this case, the recovery would be $900 ; that is, the plaintiff would get back $100 more than his purchase-money, and have a negro worth $100 besides. But if the negro were *totally worthless*, he would get back only his purchase-money; in other words, a partial failure of consideration would entitle him to a larger recovery than a total failure would. This is absurd. The true rule would take off nine-tenths of the purchase-money, and never would exceed the purchase-money in any case, nor equal it, unless the negro should be totally worthless. Where the damage is to be deducted, as it is to be when the damaged party is sued, the deduction should be made at the time when the purchase-money was due; and when it is to be recovered by a plaintiff, he having paid the purchase-money, it assumes the form of an excessive payment, and I think he ought to recover the amount of the excess with interest from the time it was paid. The case before us is one of deduction, involving no question of interest in form, though in substance it does ; and what I

Hook *vs.* Stovall, Dunn & Co.

say, therefore, in relation to interest upon a recovery of damages is extra-judicial. The verdict ought not, perhaps, to find interest as such, but the damages found ought to recover the interest. All this applies only to such damage as results from a failure of consideration, total or partial; extraordinary damage, such as physicians' bills and other expenses of sickness, is to be estimated by the fair cost of such things.

3. We think the proposed evidence of Stokes was properly rejected. He was asked as to the deterioration of value produced by an unsoundness of which he knew nothing except as it had been stated on the witness' stand by Dr. Dickson. He could give no opinion except upon facts within his own knowledge, unless he was an *expert*. Mr. Stokes probably was an expert in valuing sound negroes, but he had no peculiar skill, I imagine, in estimating the effects of disease. There can be no difficulty, however, in getting at the desired fact. The doctor himself, whether he be a skillful judge of the value of negroes or not, is the best judge of the effects of the disease—how much it detracts from the physical energies and usefulness, as well as from the chances of life, and so in what *proportion* it lessens the usefulness or value of the negro. I will only add, that, in my opinion, this is not a case where previous concurrent verdicts ought to have weighed against a new trial. The unsoundness at the time of the sale was proven abundantly and beyond all doubt, (and so this Court has said when the case was on a former hearing,) and the law, therefore, demanded that there should be *some* abatement from the price. The jury, in refusing to allow it, after proper instructions, would but be setting the law aside. The repetitions of wrong can form no ground of acquiescence in it.

Judgment reversed.