## SMITH *vs.* KIRKPATRICK, administrator.

1. There being conflict in the parol evidence as to whether the note in suit embraces the whole or only a part of the purchase money of certain premises, and the written evidence tending strongly to support the former theory, and the jury having adopted the latter, it was no abuse of discretion to grant a first new trial, so as to have the question further and more fully examined.

2. When a lot of land is sold by number, and one of the boundaries is misrepresented, whereby the purchaser fails to get some of the land he bought, the deduction to be made from the agreed price (in an action for the purchase money) is generally in proportion to the value of the tract with the boundaries as represented, and its value with the true boundaries, computing value as at the time when the sale was made. The correct deduction will result from applying this formulary: As the value of the false tract was to the value of the true tract, so is the agreed price to the amount to be paid. In other words, as the whole value was to the part value received, so is the whole price to the part price which ought to be paid. For instance, let the evidence establish that the tract with the false boundaries was worth any sum whatsoever, and with the true boundaries any proportion of that sum whatsoever,

say two-thirds, then, if the agreed price was $1,850, the amount to be paid would be two-thirds of $1,850, that is, $1,223.33, and if $850 had been heretofore paid, the sum now to be recovered would be $383.33, with interest. Or, if the agreed price was $1,000, and nothing paid, the sum to be recovered would be two-thirds of $1,000, that is, $666.66, with interest.

3. The value of improvements put on the true tract by the purchaser is irrelevant, unless they were made before discovery of the deception as to the boundary, and even then, unless their value was impaired by reason of less adaptation to the true than to the false tract.

November 10, 1887.

Evidence. New Trial. Boundaries. Purchase Money. Fraud. Vendor and Purchaser. Before Judge RICHARD H. CLARK. DeKalb Superior Court. March Term, 1887.

The vendor and vendee were both married women, the former residing on the premises in DeKalb county, the latter at Marietta, in Cobb county; they negotiated through their respective husbands, and the contract was concluded on the premises, the vendee not being present; the transaction included two purchases by the same vendee, one from this vendor and one from her husband, and a cash payment was made of $1,700 or $1,800; whether any, and if so, what writings were executed as to the purchase from the husband, does not appear; a bond for titles was executed by this vendor to the vendee, which bears date January 6th; it is in the penal sum of $2,000, recites a note for $1,000, of even date with the bond, and is conditioned to be void if the vendor (should the vendee pay the note) make to her good and sufficient titles in fee simple for lot of land No. 380, containing 132 acres; the bond says nothing of any cash payment, and was left with vendor's husband to be held until the vendee, who was at home in Marietta, should make and deliver the note; this was done and the bond became hers; the note is the one in the suit, is for $1,000, bears date at Marietta, January 14th, and purports to be " for the purchase money of lot of land No. 380  .  .  .  containing 130 acres, more or

less "; the evidence of vendor's husband is, that this note covers all the purchase money of No. 380, that the vendee took his land at $1,800, and paid for it in cash; the evidence for the vendee is very strong that both purchases amounted $2,700, that of this, $1,850 was for No. 380, and $850 for the husband's land, the cash payment covering all of the latter and $850 of the former; there is no evidence of the relative value of the two parcels of land. Misrepresentation of boundary is established with fair certainty, and there is evidence to warrant the verdict, on a proper basis of calculation, if the agreed price of No. 380 was $1,850, the verdict being in favor of the vendor's administrator for $325, with interest. The false tract contained 134 acres, and the true tract 105 acres, that is, the false boundary included 29 acres which lay outside of the true boundary. The court admitted evidence of improvements, and their value, put upon the true tract by the vendee, with nothing to make these facts relevant. New trial granted on plaintiff's motion.

JOHN A. WIMPY, for plaintiff in error.

CANDLER, THOMSON & CANDLER; B. F. ABBOTT, for defendant.

BLECKLEY, Chief Justice, (after stating the above facts.)

The grounds of the motion for a new trial were five, three of them general. One of the special grounds objected to the introduction of evidence as to the improvements put upon the true tract, and their value. The other special ground simply complained that the verdict was contrary to the charge of the court.

1. The verdict is substantially right, though perhaps rather too small, if the price for number 380 was $1,850; and it seems equally certain that it is wrong if that price was $1,000; and it is only this uncertainty as to the price that would uphold the judgment of the court below grant-

ing a new trial. There was no direct evidence whatever of the thousand dollars price, except the testimony of the vendor's husband, who made the contract on that side. The evidence that conflicted with his was almost overwhelming, in so far as the parol evidence can be decisive; but the writings indicate very strongly that the one witness was correct and the other witnesses mistaken. The note purports to be for the purchase money of No. 380; the fair and ordinary construction of it would be the whole purchase money.

Again, the bond for titles describes the note, but makes no reference to any payment. It is in the penal sum of $2,000, twice the amount of the note. A further fact is, that the husband of the vendor testifies that the bond was executed in the absence of the vendee, and left with him (the vendor's husband) to be held until the note was executed. There is nothing that contradicts this. On the contrary, the dates of the two instruments go to confirm it. If he had this bond during the interval between the 6th (the date of the bond) and the 14th (the date of the note), and there had been $850 paid towards the price of this tract, if a cash payment of that amount was made when the bond was executed, then, during an interval of eight days, the vendee had nothing to show any contract for the land or any payment on it whatever. There were no other writings, as far as appears, executed, and it would be rather out of the regular course of business for $850 cash to have been paid on this purchase, and no showing, not even a receipt, taken for it. The business was done, too, under the supervision of a lawyer acting in behalf of the vendee, who went with the vendee's husband to DeKalb county to assist in the closing of the contract, and who drafted the bond. Mr. Clay, now speaker *pro. tem.* of the house of representatives, was that lawyer. The jury might have thought all these adverse facts accounted for sufficiently, but if the judge below thought they were not

accounted for, he had a right to relieve his own conscience by granting a first new trial.

Still another singular fact is, that there were no writings produced in evidence (if any were executed) in reference to the husband's land. If they were brought in, they would probably throw some light on the case; it is very likely they would show something indicating what price was paid for his land. If that price was as he states it ($1,800), then it is improbable that more than $1,000 was agreed upon for the other. It seems the bargain for the two parcels was made at the same time.

2. On the measure of damages, I will observe briefly, that the defendant sought to recoup damages on account of the alleged fraudulent misrepresentation of the boundary. The evidence, while there is some conflict in it, establishes very satisfactorily that the boundary was misrepresented, and perhaps fraudulently misrepresented.

The theory of counsel is, that recoupment may grasp not only the relative value of the part of the tract which the vendee failed to get, but its actual value, just as if this were an action upon a bond for titles after the purchase money was all paid. That theory is not sound. The failure in this case was both to get as much land as was bought, and to get a part of the actual land bought. This is a case not only of difference of quantity, but difference of identity. There was land purchased that was not embraced in the bond for titles; the bond describes no boundaries, but simply designates a lot by its number. The rule in regard to deduction from the price is the one we have announced in the second head-note. The deduction is to be measured by the relative value of the tract included within the false boundary, as compared with the tract embraced in the true boundary; it is not the separate value of that part which was beyond the true boundary, but its joint value in connection with the other part, that is to be considered. How much did it enhance the value of the premises contracted for? In that proportion ought the

agreed price to be diminished; not in that amount necessarily, but in that proportion. See the head-note. Also *Hook vs. Stovall, Dunn & Co.* 30 *Ga.* 418.

3. But then, if there was fraud, and the evidence went far enough to show other actual damages, they also might be recouped, as, for instance, damages from erecting improvements before the fraud was discovered that would not be adapted to the true tract, and that would not be as valuable with a tract of that character as with the whole; so much as these improvements might be impaired in value by the loss of this part of the tract, could be recouped as damages. And so doubtless might be any expenses connected with the removal to the land, etc., if these expenses would not have been incurred had no fraud been committed. But as the evidence stands, the general rule is the one applicable to this case.

There was no error in granting a new trial.

Judgment affirmed.