## 19653. WHITENER *v.* THE STATE.

DECIDED MAY 14, 1929.

*A. H. Burtz,* for plaintiff in error.
*George D. Anderson, solicitor-general,* contra.

BLOODWORTH, J. (*a*) "In the absence of a timely motion for a mistrial, a new trial will not be granted because of questions

propounded by the trial judge to a witness under examination. Whether the asking of the questions would have amounted to error requiring a reversal, had a motion for mistrial been promptly made, need not be decided." *Kay* v. *Benson,* 152 *Ga.* 185 (2) (108 S. E. 779) ; *Quarles* v. *State,* 37 *Ga. App.* 520 (3) (140 S. E. 788) ; *Edenfield* v. *State,* 37 *Ga. App.* 628 (4) (141 S. E. 220).

(*b*) "Objections to the admission of testimony are insufficient where no specific ground of objection is stated. An objection on the ground that the testimony is 'not competent,' or is 'inadmissible,' is not sufficient." *Parker* v. *State,* 28 *Ga. App.* 673 (4) (112 S. E. 908) ; *City of Manchester* v. *Beavers,* 38 *Ga. App.* 337 (2) (144 S. E. 11) ; *Hayes* v. *State,* 36 *Ga. App.* 668 (*e*) (137 S. E. 860) ; *Wilson* v. *McConnell,* 36 *Ga. App.* 767 (*b*) (138 S. E. 244) ; *Manning* v. *State,* 33 *Ga. App.* 610 (9) (127 S. E. 475) ; *Legg* v. *Legg,* 165 *Ga.* 314 (140 S. E. 868).

(*c*) "An assignment of error upon the admission of evidence must show not only in what respects the evidence was objectionable, but that the objection was urged at the time of its admission. It is not sufficient in a ground of a motion for a new trial to state that the court erred in admitting certain evidence 'over timely objection,' and then, after setting out the evidence admitted, to allege that the admission of the evidence was error for certain specified reasons, where it is not further alleged in the motion that the evidence was objected to for such reasons at the time of its admission. *Henslee* v. *Harper,* 148 *Ga.* 621 (1) (97 S. E. 667) ; *Pelham & Havana R. Co.* v. *Walker,* 27 *Ga. App.* 398 (2) (108 S. E. 814)." *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (2) (130 S. E. 378).

(*d*) "A ground of a motion for new trial based upon the admission of evidence should state what objection was made thereto when it was offered at the trial, and should affirmatively show that the objection was then urged; otherwise no question is raised for determination." *Hixon* v. *Myers,* 144 *Ga.* 408 (2) (87 S. E. 475).

(*e*) "Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of the witnesses." *Rome Railroad Co.* v. *Barnett,* 94 *Ga.* 446 (5) (20 S. E. 355). "The right of the jury to settle disputed issues of fact is supreme and exclusive." *Charles* v. *Brooker,* 1 *Ga. App.* 219 (58 S. E. 218). "The jury in all cases must, in the process of arriving at the truth,

determine what credit shall be given to each of the witnesses." *Haywood* v. *State,* 114 *Ga.* 111 (39 S. E. 948) ; *Jolly* v. *State,* 5 *Ga. App.* 454 (63 S. E. 520) ; *Chatman* v. *State,* 8 *Ga. App.* 842 (70 S. E. 188) ; *Unity Cotton Mills* v. *Hasty,* 19 *Ga. App.* 588 (2) (91 S. E. 915), and cit.

Under the rulings in the foregoing cases and the facts of this case there is no merit in any of the special grounds of the motion for a new trial; the evidence supports the verdict; and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*