## 33816. ALEXANDER *et al. v.* HOLMES.

DECIDED DECEMBER 5, 1951.

*H. C. Schroeder, George D. Anderson,* for plaintiff in error.

*J. Robin Harris,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ Since the special demurrers are not argued in the brief of counsel for the plaintiff in error, they are treated as abandoned.

As to the general demurrer, it is contended that the petition was deficient in not alleging notice of the homestead on the part of the levying officer and the defendants. On the question of notice, the following is alleged: "4. (b) The officer levying said distress warrant entered the aforesaid apartment and removed a portion of the household goods of petitioner, and put the same in the possession of said agent. (c) Petitioner advised said levying officer that the property he had removed by virtue of said distress warrant and put in possession of said agent was included in a statutory homestead which had been set aside to petitioner. (d) Upon learning that said personal property was covered by said homestead, the said officer notified the aforesaid agent of the fact and told said agent to return said property to petitioner because the same was not subject to levy." By amendment the following was added: "Upon learning these facts petitioner took his statutory homestead to the office of the justice of the peace issuing the distress warrant and exhibited the same to him. While at the office of the justice of the peace, petitioner's wife telephoned and informed petitioner and said justice of the peace that said agent and said bailiff had returned. Said justice of the peace then and there by telephone told said agent that it was unlawful to remove the balance of the furniture because it was covered by a statutory homestead and to cease and desist from levying said distress warrant. Said agent, in complete disregard of the orders of the justice of the peace, removed the balance of the furniture from petitioner's apartment."

These facts constituted sufficient allegations of notice on the part of the defendants to withstand the general demurrer interposed.

It is further contended that the petition failed to state a cause of action for general damages, in that it failed to allege for how long a period of time the defendants deprived the plaintiff of the use of his furniture, or that the furniture was damaged in any way. These would be items of special rather than general damages. General damages are those which the law presumes to flow from the tortious act, in this case a trespass, and may be awarded without proof of any specific amount, to compensate the plaintiff for the injury done him. Code, §§ 105-2001, 105-2005, 105-2006. The general demurrers, therefore, are without merit.

It is also observed that this point is raised in special grounds 1, 4, and 7 of the amended motion for a new trial, complaining of the court's charge that the measure of damages would be the actual damage to the goods, plus any loss that the plaintiff may have suffered by reason of being deprived of their use. While the court might properly have mentioned such specific items of damage, if the evidence so warranted, the court should also have charged the meaning of general, or compensatory, damages in relation to the trespass which was the gist of the complaint. There is no assignment of error, however, on the failure to explain to the jury the meaning of general damages for which the plaintiff sued. The grounds of general demurrer and special grounds 1, 4, and 7 are without merit.

■ Special grounds 2 and 6 complain of the court's charge to the effect that a demand for rent should be made before the issuance of a distress warrant. "When rent is due and unpaid, the landlord is entitled to a distress warrant against the tenant without having previously made a demand upon the latter for the payment of the rent." *Henley* v. *Brockman*, 124 *Ga.* 1059 (53 S. E. 672). The trial court erred in overruling this ground of the amended motion for a new trial.

■ Special grounds 3 and 5 contend that this action is brought under Code § 51-901, providing that "any officer knowingly levying on or selling property made exempt from sale . . shall be guilty of trespass, and the wife or family of the debtor may recover therefor for their exclusive use," for which reason the right of action lies not in the plaintiff but in his wife and children. Where a suit is brought under this Code section, the plaintiff may sue the officer and all others procuring such seizure for trespass, jointly or severally, and the husband may sue in his own name, holding the recovery, if any, for the use of the wife and children. *Personal Finance Co.* v. *Evans*, 45 *Ga. App.* 53 (163 S. E. 250). These grounds are without merit.

■ Special grounds 10, and 11, and 12 complain that the trial court failed to charge that, before the defendants or the levying officer would be liable to the plaintiff, they must have had notice of the fact that a homestead had been set aside on the property removed by such officer. The court charged that, "if the defendants entered upon the property of the petitioner and removed

therefrom household and other chattels and, if they knew at the time such household goods and chattels had been set aside as a homestead to the petitioner," such removal would constitute a trespass. In the absence of timely written request, the charge sufficiently covered this issue. These grounds are without merit.

■ Special ground 14 complains that the trial court failed to give the following in charge, although timely written request had been made: "I charge you that it is an issue of fact for you to determine whether or not the property actually levied on in this case was the same property described in the homestead, and if you should find that the property levied on was not the identical property contained in the homestead nor was it property purchased with funds obtained by the sale of the homestead property under an order of the court of ordinary in the county of residence of the tenant at the time of the sale, then it will be your duty to find in favor of the defendants." Where a request to charge deals in a direct way with a material issue of the case, and a timely written request is made, the party has a right to the benefit of the charge as requested, and the refusal of such request is error. Code, § 70-207; *Wooten* v. *Morris*, 175 *Ga.* 290 (4) (165 S. E. 626); *Gaines* v. *Brown*, 175 *Ga.* 66 (1) (164 S. E. 806); *City of Rome* v. *Stone*, 46 *Ga. App.* 259 (7) (167 S. E. 325). The deciding issue in this case was whether or not the defendants had notice that the identical property removed was exempt under a homestead at or before the time it was removed from the apartment. The evidence is clear that at the time half of the furniture was removed the defendants and the levying officer had no such notice. Whether or not they received it before returning and removing the balance of the furniture was strongly disputed. Also, the evidence is in conflict as to whether the property levied on was the same as that covered by the homestead. The failure to give the charge as requested was error.

The remaining special grounds of the amended motion, which are but amplification of the general grounds, will not be passed upon, as this case is to be tried again. For the reasons set out in divisions 2 and 5 hereof, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J. concur.*