40813. RYDER TRUCK LINES, INC. v. ALADDIN, INC.

DECIDED NOVEMBER 2, 1964.

Nall, Miller, Cadenhead & Dennis, Thomas A. Rice, for plaintiff in error.

T. J. Long, Ben Weinberg, Jr., Charles E. Walker, contra.

HALL, Judge. By law as well as by express agreement, the regulation quoted above became a part of the contract between the parties from which the rights and obligations between them must be determined. Ga., Fla. & Ala. R. Co. v. Blish Milling Co., 241 U. S. 190, 197 (36 SC 541, 60 LE 948); Davis v. Henderson, 266 U. S. 92 (45 SC 24, 69 LE 182); Eastern Motor Express, Inc. v. A. Maschmeijer, Jr., Inc., 247 F2d 826, 828. The State common law of bailment is not applicable, therefore, as contended by the defendant. See *Howkins v. Atlanta Baggage &c. Co.*, 107 Ga. App. 38, 43 (129 SE2d 158).

By this contract the defendant undertook to ship in a container made of materials of such strength as to protect against damage to other goods. The petition alleges that the container was defective in that it was not of such strength, and that the defect was latent. This fact would make the shipper liable for breach of an obligation under the contract. This is true even if we construe the allegations of the petition, as the defendant contends we should, to mean that the defendant did not itself fill or seal the drum and had no knowledge of its condition or contents.

Our interpretation of the tariff regulation incorporated in the contract as placing upon the shipper the obligation of shipping in protective containers is consistent with the law requiring common carriers generally to accept all goods offered them for transportation which they are able and accustomed to carry, with the right to reject only containers that are patently unfit for shipment. *Beck & Gregg Hdw. Co. v. Associated Transport, Inc.*, 210 Ga. 545 (81 SE2d 515); Eastern Motor Express v. A. Maschmeijer, Jr., Inc., 247 F2d 826, 828; 13 CJS 61, 63, Carriers, §§ 27, 28; 13 Am. Jur. 2d 749, 756, Carriers, §§ 235, 247.

The petition shows no facts that support the plaintiff's prayers for attorney's fees based on stubborn litigiousness of the defendant. *Murphy v. Morse*, 96 Ga. App. 513, 516 (100 SE2d 623).

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*