## 48370. HUGHES v. TOWN FINANCE CORPORATION.

EVANS, Judge. Plaintiff foreclosed a bill of sale to secure debt in

the Municipal Court of Columbus, and the marshal levied upon the personal property involved. Defendant filed an affidavit of illegality and bond, alleging he was not indebted to plaintiff, and contending that a payment plan had been set up for him by a counseling service which was acquiesced in by the plaintiff. Checks were issued in payment showing a "net" amount and a "gross" amount with a conditional endorsement on the back of each check as follows: "Conditional endorsement. The payee, by endorsement, agrees to credit the within identified debtor with the amount shown as a gross amount. The amount designated as a fee is the amount retained by this non-profit community agency to defray the expense of the agency in providing assistance and education in the area of personal money management. Your contribution, in the form of this fee, is appreciated." Plaintiff cashed approximately 21 of such checks, endorsing each of them, and did not credit the defendant with the "gross amount" but with the "net amount."

The issue proceeded to trial before the court without the intervention of a jury. Judgment was rendered against defendant in fi.fa. for $42.76 after a finding that this amount was still due. Defendant appeals. *Held:*

1. The acceptance of the twenty-one checks through endorsement by plaintiff shows defendant should have been credited with the gross amount shown on each check, which reduced the amount alleged to be due. This was not done by the plaintiff. Neither the counseling service nor defendant were aware of any charges owing by defendant to plaintiff, other than the amount due when the counseling service set up the plan of payment.

2. Where parties, in the course of execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given of the intention to rely on the exact terms of the agreement. Until such notice is given, the departure is a quasi-new agreement. Code § 20-116; *Verner v. McLarty,* 213 Ga. 472 (99 SE2d 890) and cits.

3. On May 21, 1972, the final check was submitted to the plaintiff marked "final payment" which was endorsed and cashed by the plaintiff. If the creditor remits a sum of money, less than the amount due, with the understanding, either express or implied, that it is in full satisfaction of his debtor's claims, and the latter accepts same and retains it, an accord and satisfaction results, and no additional sums may thereafter be collected. See *Rivers*

*v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *Gulf States Construction v. Superior Rigging &c. Co.,* 125 Ga. App. 187 (186 SE2d 588). Accordingly, by the acceptance of this check marked "Final Payment," there was an accord and satisfaction of the debt, and no amount was thereafter due, and the alleged "late charges" cannot be collected. The trial court erred in rendering judgment against the defendant.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973.

*Willis & Murrah, W. Stanford Willis,* for appellant.
*H. Norwood Pearce,* for appellee.