## 49875. PALMER v. HOWSE et al.

DEEN, Presiding Judge.

The appellee plaintiffs purchased a house and lot from Palmer, the builder, for a price of $33,000 at a time when it was 80% to 90% completed and obtained a one-year warranty of "top quality" workmanship and materials and completion in substantial comformity with the plans and specifications. The plaintiffs complain that the work was never finished and certain portions of the building and landscaping were substandard in quality, with resultant damage from water entering the house from the patio area, soot and smoke from the fireplace, and erosion from the failure to landscape properly among other deficiencies. The work was eventually turned over to another contractor who testified in detail as to what he had done, what remained to be done, and as to price stated that $1,000 had been paid for work to date and another $1,900 would be owing upon completion. The jury returned a verdict for $2,000 damages and $1,960 as attorney fees, from which the defendant appeals. *Held:*

1. "Where a building contract is breached or abandoned by the contractor without fault on the part of the other party, the measure of damages is ordinarily the reasonable cost of completion, that is, the difference between the contract price and the reasonable and necessary cost to the owner to have the house built in accordance with the terms of the original contract." *Ayers Enterprises v. Adams,* 131 Ga. App. 12 (3) (205 SE2d 16). It follows that as to work not completed, it is sufficient to show what it is necessary to do and the cost of completion. In the present case, much of the work involved consequential damages: cleaning or replacement of rugs where rainwater had run into the den from the patio; cleaning and repainting as a result of smoke and soot damage; and re-landscaping of a part of the yard where it had been eroded by rainwater. In these cases structural improvements were also necessary which the jury might have found to be necessary items for the completion of the house: the venting of the fireplace through the roof; redoing and placing proper drains around the patio; removing batter boards which had been erected

temporarily for the pouring of concrete, etc. The appellant contends that there is insufficient evidence of cost to support any verdict, and that there is no evidence to support the verdict as rendered, citing *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490) and *Thomas v. Campbell,* 126 Ga. App. 675 (191 SE2d 619) which hold: "Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of the loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork." Here, however, the jury had pointed out to them the items in which it was contended that damage resulted from a failure to follow plans and specifications or from improper construction practices. That the verdict was not for the precise dollar value testified to by the witness hired to complete the work does not require a reversal. It was some $900 less than the witness' estimate; however, the witness also admitted that shutters, included among the items for which reimbursement was sought, were not listed in the specifications, and that certain cracks in the foundation might have been the result of natural settling of the house rather than negligence on the part of the defendant. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own 'knowledge and ideas.' *Baker v. Richmond City Mill Works,* 105 Ga. 225 (2) (31 SE 426)." *Dixon v. Cassells Co.,* 34 Ga. App. 478 (3) (130 SE 75). The reduction by verdict of the plaintiff's claim to the extent of $900 will not, under this evidence, cause a reversal.

2. The plaintiff sought and recovered a verdict of $1,960 as attorney fees on the ground that the defendant had been stubbornly litigious. The many cases annotated under Code § 20-1404 are well discussed in the majority, special and dissenting opinions in *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317), and from them clearly appear certain differences of opinion among the members of this court as to the application of the Code section. The majority view is: "A defendant without a defense may still gamble on a person's unwillingness to go

to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing. We do not believe the trial courts will find any difficulty in determining whether a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. Where none is found, it may authorize the jury to award the expenses of litigation." The special concurrence, after citing *Traders Ins. Co. v. Mann,* 118 Ga. 381, 384 (45 SE 426) to the effect that the tendency is to limit recovery of attorney fees under this action to ex delicto actions (the present case being ex contractu for breach of warranty) but that they are recoverable where there is bad faith in the transaction out of which the cause of action arises. A mere refusal to pay a debt will not support an award, and is not the equivalent of stubborn litigiousness. *State Mutual Ins. Co. v. McJenkin Ins. &c. Co.,* 86 Ga. App. 442, 445 (71 SE2d 670); *Murphy v. Morse,* 96 Ga. App. 513 (3) (100 SE2d 623); *Ryder Truck Lines v. Aladdin, Inc.,* 110 Ga. App. 579, 580 (139 SE2d 446); *Williams v. Bell,* 126 Ga. App. 432 (190 SE2d 818). The evidence here reveals that the defendant did in fact return on several occasions after the closing of the sale contract and did additional work on the house; that a highly exacerbated dispute eventually arose as a result of which the defendant contended that the plaintiff had suffered smoke damage due to the latter's placement of gas logs in the fireplace when it was obvious the fireplace was not intended for this use, and also that the plaintiff's water damage had arisen from his improper use of a sprinkler in the yard. It is undisputed that the plaintiffs finally ordered the defendant off the premises, thus effectually ending any repair work. Under the cases cited this does not support an award of attorney fees either for entering into the contract of warranty in bad faith, or in being stubbornly litigious.

The award of attorney fees was unauthorized.

*Judgment affirmed in part and reversed in part. Stolz and Marshall, JJ., concur.*

Argued November 7, 1974 — Decided December 2, 1974 — Rehearing denied December 19, 1974.

*Mackay & Elliott, Thomas W. Elliott,* for appellant.
*Hamilton Lokey, Gerald F. Handley,* for appellees.