### 49958. TOWN FINANCE CORPORATION v. HUGHES et al.

Evans, Judge.

Following a dispute as to whether or not a loan had been paid in full, Town Finance Corporation foreclosed and had a locksmith take off the locks and open the dwelling of Mr. and Mrs. William J. Hughes and seized the household goods therein. Mr. and Mrs. Hughes were not at home at the time of this entry and seizure. Later, Hughes filed affidavit of illegality, but the trial court decided against them. However, in *Hughes v. Town Finance Corp.,* 129 Ga. App. 571 (200 SE2d 366), this court adjudged that there had been an accord and satisfaction of the debt, and Town Finance was not entitled to judgment against Mr. and Mrs. Hughes.

Mr. and Mrs. Hughes sued Town Finance Corp. for malicious and wilful trespass and for levy and foreclosure without any probable cause whatsoever, seeking special and exemplary damages.

By amendment during the trial, plaintiffs amended "to conform to the evidence" and sought compensatory damages and punitive damages. A verdict and a judgment were returned for $2,500 compensatory damages and $22,500 punitive damages. Town Finance's motion for new trial was denied. Defendant appeals. *Held:*

1. In one of the enumerations of error defendant complains that plaintiff's argument to the jury was improper and prejudicial, and a new trial should be granted because plaintiffs' counsel had remarked that defendant was "an out of town corporation," or had made "statements as to where they are owned." But the transcript does not contain the arguments to the jury. Nor do we feel the objection was made sufficiently clear to disclose the objection and on which to base the assignment of error. See *Smith v. Smith,* 223 Ga. 560 (156 SE2d 901);

*Whitener v. State,* 39 Ga. App. 676, 677 (148 SE 305). We do have the colloquy between counsel and the court at the time of the objection. Plaintiffs' counsel contends he said: "they present no witness," and then stated, "if they had, I think there would have been trouble in developing the fact that they are a non-resident corporation." The court ruled: "I think the objection is properly made to comments, and I will ask you to limit your argument to evidence which has been properly introduced and to reasonable inferences that might be drawn from it, rather than speculating upon what the evidence might have brought out." Code § 81-1009 provides that the court shall rebuke counsel, "and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." Here counsel was rebuked, but whether or not the instruction given by the court was sufficient to remove an improper impression, if such was the case, is uncertain. The jury may have understood they were to disregard such argument. *Georgia Life Ins. Co. v. Hanvey,* 143 Ga. 786 (3) (85 SE 1036).

With nothing more than the colloquy shown above as to what was said, and as the trial judge stated that he did not hear it, we cannot say the judge abused his discretion in thus rebuking counsel. A new trial is not required because no abuse of discretion by the court has been shown.

2. In regard to the colloquy discussed in Division 1, no motion for mistrial was ever made, nor would we be required to hold that the court should have granted a mistrial where no such motion was made. The enumeration of error complaining of the failure to grant a mistrial is not meritorious. *King v. State,* 121 Ga. App. 347 (3) (173 SE2d 746); *Moore v. McAfee,* 151 Ga. 270, 272 (11) (106 SE 274); *Cline v. State,* 49 Ga. App. 16 (2) (174 SE 194); *Whitener v. State,* 39 Ga. App. 676 (148 SE 305).

3. Defendant obtained a locksmith and illegally broke into plaintiffs' dwelling and removed household goods without any right whatsoever. It contends it did not leave articles inside the house in disarray, but evidence points to the fact that clothing was scattered all over the house and dogs were found locked inside the house after the illegal entry. The court did not err in allowing in

evidence properly identified photographs of the interior of the house as they were relevant and material to the issues involved. There is no merit in the enumeration of error complaining of the allowance of these photographs.

4. Plaintiff had originally sought $400 in special damages; but by amendment this was changed to $2,500 compensatory damages. The court instructed the jury to disregard certain special damages because there was no proof as to value, but in the event other special damages were found they were to be considered in the total compensation awarded as general damages. The court defined same to be such as the law presumes to flow from any tortious act and may be recovered without specific proof of any amount. Code §§ 105-2005, 105-2006. The evidence showed only $200 in special damages, but this did not prevent the award of $2500 in compensation as it was for the jury to determine what amount of compensation it would award for the tortious act. There is no merit in the enumeration complaining that the evidence did not authorize the award of $2500 as general damages. *Alexander v. Holmes,* 85 Ga. App. 124 (1), 127 (68 SE2d 242); *W. Ga. Pulpwood &c. Co. Stephens,* 128 Ga. App. 864, 870 (4), 871 (198 SE2d 420).

5. The voluminous supplemental brief of appellant argues enumerations of error which were not argued in the original brief. It also argues other alleged grounds of error not found in the enumerations of error listed. We have considered each of the errors properly enumerated, and they are set out in the first four divisions of this opinion; and we find no error. The others must be disregarded. *McIntire v. McQuade,* 190 Ga. 438 (2) (9 SE2d 633); *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31); *Riggins v. State,* 128 Ga. App. 478 (197 SE2d 154); *Pritchett v. State,* 134 Ga. App. 254.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED MARCH 6, 1975 — REHEARING DENIED MARCH 20, 1975 —

*H. Norwood Pearce, James A. Secord,* for appellant.
*Willis & Murrah, W. Stanford Willis,* for appellees.