## 51543. KING et al. v. SINYARD.

MARSHALL, Judge.

This appeal is from the grant of Sinyard's (defendant below) motion for a judgment notwithstanding the verdict, or in the alternative, the grant of a motion for new trial based upon the award of excessive damages.

The facts reflect that Mr. and Mrs. King purchased

three parcels of land in a well-developed subdivision from Sinyard, a land developer in Douglas County. They planned to build homes on all three lots based upon Sinyard's representations that these were good lots and that homes could be built thereon. The Kings paid Sinyard a total of $6,000. When a building permit was sought to build their home on the one lot of the three selected by the Kings, it was discovered that two of the lots were unsuitable for building since there was no sewage system in the area and the drainage slope of the two lots was insufficient to allow the construction of a septic disposal system. The third lot was suitable for building and not subject to the problems of the other two lots. There was evidence that Sinyard was or should have been aware that county health authorities had refused to allow building permits for the two lots for at least three years prior to the sale of the three lots to the Kings. Additionally, there was evidence that because of their low elevation the two lots were subject to flooding in rain storms. The Kings demanded the return of their $6,000 purchase price. Upon Sinyard's refusal, this suit was brought for fraud and misrepresentation, seeking $6,000 special damages, attorney fees, and exemplary damages in the amount of $50,000. Following trial upon the issues, the jury returned a verdict in favor of the Kings for $6,500 actual damages and $12,000 punitive damages. This verdict was made the judgment of the court. Thereafter, upon motion by the defendant Sinyard for judgment notwithstanding the verdict or in the alternative a new trial, the trial court granted both motions, alternatively, upon the ground the verdict was excessive in that the Kings had failed to establish by any probative evidence the value of the land in question so as to justify the jury's verdict of actual damages or the dependent punitive damages. In their appeal, the Kings assign as error four enumerations based upon the final order of the trial court. *Held:*

1. Each of the four enumerations of error concerns itself with the ultimate question of whether the Kings established by probative evidence the amount of damages they purportedly suffered as a result of the sale of the three lots to them by Sinyard.

In this regard the evidence was that Sinyard originally had sold similar lots in the same subdivision to a builder-contractor for an individual price of $2,800. There was evidence he had offered to sell to a third party for $3,000, one of the lots rejected by the health department. There was evidence that the actual purchase price paid by the Kings was $2,000 per lot. Sinyard consistently insisted that the lots were valuable and suitable for home construction.

The only pertinent evidence offered by Mr. King as to the value of the three lots consisted of the following: "Q. Having looked at other pieces of property, can you give this jury any valuation as to the value of your three lots? A. Well I would say those two lots, 20 and 21, are not worth anything. From living in Douglas County, I would say the lots here now, probably four or five thousand dollars or so, that 67 is probably. . . I said, four or five thousand dollars, as to what relative property in my opinion runs around Douglas County. . . Q. So, is there any figure you might put on this lot at this time? A. Just a relative lot in Douglas County, is what I am saying." (T 42-44)

Because Mr. King could not use the two low lots for any legitimate purpose available to him, he concluded that the two lots were worthless. As to lots of equivalent size in Douglas County, Mr. King gave his opinion, as a resident of Douglas County, that similar lots in Douglas County had a value of $4,000 to $5,000.

In his instruction to the jury relative to the question of damages, the trial court charged that if the jury found fraud, deceit and misrepresentation on the part of Sinyard the measure of damages would be the difference between the value of the land sold at the time of the delivery of the deeds and what would have been its value at that time if the representations made by Sinyard as to the land had been true.

Other than the opinion evidence of Mr. King, evidence offered to establish the value of the land as of the time of the transfer of the deeds was the purchase price. There was also evidence of earlier purchase prices as to similar lots in the same subdivision. It is true that testimony as to the cost price of an item standing alone is insufficient data upon which to base an opinion as to the

value of the thing. *Mills v. Mangum,* 111 Ga. App. 396, 397 (141 SE2d 773). But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. *Hoard v. Wiley,* 113 Ga. App. 328, 334 (147 SE2d 782).

The opinion that lots 20 and 21 were worthless is based upon the owner's personal knowledge that the property was useless, as compared with his knowledge of value of residential lots similarly situated in Douglas County. He stated he could not use the two lots for the purpose for which they were purchased, nor use them for grazing, nor for any other apparent purpose.

The statement that as a resident of Douglas County, Mr. King had an opinion as to value of residential lots in Douglas County gives a basis for his valuation of residential lots in Douglas County at $4,000 to $5,000. The statement implies that as a resident Mr. King had had an opportunity to become familiar generally with residential lot values in Douglas County.

As was said by this court in *Hoard v. Wiley,* 113 Ga. App. 328, 332, supra, ". . . when an opinion is sought from a witness as to the value of a thing, it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things. This foundation is essential in order to show the basis or the reasons for the witness' opinion as to the value of the thing. . . 'One need not be an expert or dealer in the article, but may testify as to value, *if he has an opportunity for forming a correct opinion.' Code* § 38-1709. 'Where the question under examination . . . shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor.' *Code* § 38-1708. The plain language of our Code sections (supra) precludes an owner from testifying to the value of his goods in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.' The Georgia courts have generally so construed the statutes. [Cits.]"

In this case, the plaintiffs below at least minimally met their burden of showing the actual value of the property at the time of the transfer of the deeds and in

their obligation to establish the value if the representations made had been true. The latter value was established by evidence showing the market value (i.e., the purchase price) of the property at the time of the transfer. *Smith v. Kirkpatrick,* 79 Ga. 410, 414 (7 SE 258). Mr. King established by probative evidence that the three lots sold for $2,000 each or a total price of $6,000 for the three. He established that similar lots in Douglas County were valued at $4,000-$5,000. He finally established that two of the three lots were worthless for the use contemplated at the time of the purchase. Thus the trial court erred in granting a judgment n.o.v. for the failure of the Kings to establish value. See *Smith v. Kirkpatrick,* 79 Ga. 410, supra; *McCrary v. Pritchard,* 119 Ga. 876 (7) (47 SE 341).

2. The reasons stated in Division 1 of this opinion for reversing the trial court's grant of judgment for Sinyard, notwithstanding the jury's verdict, also furnish appropriate reason for sustaining the trial court's alternative action in granting a new trial.

The jury's verdict of $6,500 special damages is not sustained by the evidence. Mr. King testified that he had paid $6,000 for three lots. He testified that one of those lots had a value of $4,000 to $5,000 but the other two were worthless. He also testified as to a $60 percolation fee. We are unable to ascertain from the evidence any support for the damages assessed by the jury in the amount of $6,500. Furthermore, plaintiffs did not pray for special damages in the amount of $6,500 but only in the amount of $6,000.

Under the verdict in this case, it is impossible to tell what factors the jury considered in reaching the special damages. Therefore we cannot correct the verdict of the jury by writing off the erroneous part since the illegal part is not determinable and separable from the rest. *Walton v. Johnson,* 212 Ga. 378, 380 (92 SE2d 861).

*The judgment is reversed as to the grant of the judgment notwithstanding the verdict, but affirmed as to the grant of a new trial. Pannell, P. J., and McMurray, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED MAY 21, 1976 — REHEARING DENIED JUNE 14, 1976.

*Rolader, Barham, Davis, Graham & McEvoy, William W. Barham, D. W. Rolader,* for appellants.
*Harold A. Lane,* for appellee.