52664. HOGAN v. OLIVERA.

McMurray, Judge.

This case involves a suit for damages, general and special, resulting from a trespass upon realty by the defendant allegedly collecting and discharging large quantities of surface water upon plaintiff's property.

The evidence showed that defendant developed a subdivision above plaintiff's lot. In order to drain surface water from a part of the subdivision, defendant's contractor cut an extension ditch from the end of a drainage pipe through a natural swale resulting in the discharge of the water onto plaintiff's property. While the contractor testified he cut this extension ditch to the left, there was other evidence that there was no visible indication that a ditch had been dug to the left. There was undisputed evidence that someone dug a ditch straight away from the end of the pipe thereby discharging water below the swale. The water followed the direction of the ditch which was straight down an incline and onto plaintiff's lot. Plaintiff sought special damages and general damages alleging that the improper discharge of water had caused damage to her lot, her home, and some personal property in her basement caused by flooding.

A jury verdict was returned for the plaintiff in the amount of $10,000. The judgment followed the verdict, and defendant moved for a new trial and for judgment notwithstanding the verdict, which was denied. Defendant appeals. *Held:*

1. In defendant's first two enumerations of error counsel urges that the trial court erred in failing to grant his motions for judgment notwithstanding the verdict or alternatively a motion for new trial. These motions have several bases.

(a) Defendant first argues that the evidence is

insufficient to show that he had any personal responsibility for the cutting of the ditch extension that caused the water flow problem in that he was acting in a corporate basis and not as a person. Secondly, he argues that the evidence does not show who caused the ditch to be extended the additional distance that caused the water to discharge upon plaintiff's property. Plaintiff attributes ultimate responsibility back to defendant in his capacity as developer and superintendent of construction. Though these matters were in dispute, there was evidence to support the position advanced by both parties to the trial.

Our responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies but merely to determine if there is sufficient evidence to authorize the trial court's judgment. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35). The evidence must be construed in the light most favorable to uphold the verdict, the conflicts resolved against the appellant, and if there is any evidence to support the verdict it must be affirmed. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455). That burden is met in this case.

(b) The second facet of defendant's argument is that there was no probative evidence of certain of the special damages allegedly suffered by plaintiff. He argues that plaintiff offered evidence of the value of a rug, a stereo, and some used furniture, all of which allegedly was damaged in appellee's basement. Defendant complains that plaintiff offered no basis for her opinion as to the value of these items and consequently that there is no probative evidence of that fact. But as to the other items of special damages, probative, admissible evidence was offered for the jury's consideration.

(c) Also in reference to value, defendant argues that the court erred in allowing a real estate broker to testify as to the diminution of the market value of plaintiff's property due to the change in water flow and resulting water destruction. The basis for this claimed error is that the broker did not qualify as an expert so as to justify the admission of opinion testimony to the effect that the property had suffered a loss in value of approximately

$4,000 — $5,000.

An expert is one who by habits of life and business has a peculiar skill in forming an opinion on the subject in dispute. *Sims v. State,* 40 Ga. App. 10, 13 (148 SE 769). In this case the witness testified that he was a real estate broker in DeKalb County. He had seen plaintiff's property and marketed it for her. He had been a real estate broker approximately seven years and had made appraisals as a part of his business. His business required him to ascertain property values and the current market values and he believed himself qualified to do so. In appraisals the witness was required to determine the adverse impact of water damage on market value.

Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830). The trial court properly allowed the broker to testify as an expert, and we find no abuse of discretion in this regard.

(d) Finally defendant argues that the verdict for damages is not supported by the evidence. In her complaint plaintiff sought $10,000 special damages and $50,000 general damages. In its charge to the jury, the trial court limited the special damages to those explicitly proved, and the general damages to the diminution of the property value to the extent believed and accepted by the jury. The evidence offered by plaintiff through her own testimony and that of her expert witness established the range of the special and general damages well within the findings of the jury.

Defendant contends the evidence of damages presented by plaintiff, when taken in its most beneficial aspect favoring plaintiff will establish damages of only $7,135. This argument can only be arrived at by breaking down the testimony as to damages into three elements: $5,000 diminution in value of plaintiff's property; $775 on loss of personalty; and $1,360 for the repair of water damage. It is argued that this evidence will not support the verdict of $10,000, and further, that one cannot determine from the evidence and the charge of the court what evidence of value the jury accepted as validly

attributable to the trespass created by the improper water flow. It is not for us to say how the jury reached its verdict, as we were not in the jury room.

There was proof of the amount of general damages, which was the testimony of a real estate broker who testified that according to his expert opinion the diminution in value to plaintiff's property due to the trespass was $4,000 — $5,000. However, there was other factual and physical evidence which the jury may have considered, as well as the expert's testimony in determining the general damages. All other elements of damages proven were special damages, some of which were properly presented in evidence and others which were, as noted in Division 1 (b) above, not properly presented in evidence and perhaps lacked probative value.

The jury is not compelled to accept the testimony of the real estate broker regarding diminution in value at its maximum, $5,000. Such a result is in contradiction to the past decisions of this court. The general rule as stated in *Hixson v. Barrow,* 135 Ga. App. 519, 521 (1) (218 SE2d 253), is that "the jury is not required to accept as correct, opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion." Here there was other evidence which the jury might consider along with the expert's testimony. Moreover, the jury was not required to accept the opinion of the expert that the special damage only amounted to $4,000 — $5,000. A value fixed by the jury could be higher or lower than that of the opinion, provided the verdict is not palpably unreasonable under all the evidence. *Garner v. Gwinnett County,* 105 Ga. App. 714 (5), 719 (125 SE2d 563); *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2, 3 (102 SE2d 492); *Palmer v. Howse,* 133 Ga. App. 619 (1) (212 SE2d 2).

Jurors are not absolutely bound to accept as correct the opinions of witnesses as to value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question, and by their verdict, *may fix either a lower or*

*higher value upon the property than that stated in the opinions and estimates of the witnesses.* See *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226); *McLendon v. City of LaGrange,* 47 Ga. App. 690 (3) (171 SE 307); *Sammons v. Copeland,* 85 Ga. App. 318, 320 (1) (69 SE2d 617); and cits. in these cases.

Generally, examination of the multitude of these cases citing the above rule shows a reduction by the jury in the verdict as opposed to the expert's opinion. But in the case of *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2, 3, supra, the expert opinion showed attorney fees of $400, whereas the entire judgment was for $800, and the Supreme Court refused to hold that the judgment should be reduced. In the *McLendon* case, supra, the facts are not given to make a determination as to whether or not the jury revised the verdict higher than the testimony by the experts. In the *Southern v. Cobb County* case, the jury, after looking at pictures of the property and viewing the premises, reduced the consequential benefits to nil.

In *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 654 (149 SE2d 376), the verdict was higher than the opinion evidence indicated (although it appears that plaintiff voluntarily accepted a reduced judgment), but the court in its opinion clearly shows that there was evidence of the nature of the property involved, and other facts and circumstances from which to draw a legitimate conclusion.

In *Sun Ins. Co. v. League,* 112 Ga. App. 625, 626 (145 SE2d 768), the verdict returned was higher than the highest estimate of value, and this was based on other evidence such as photographs, itemized statements of repairs and testimony so as to graphically and vividly show the condition of the car after the collision.

There was sufficient evidence presented to the jury in the case sub judice from which they might reach their independent conclusion as to the diminution in value of plaintiff's property. Plaintiff testified as to the nature of the damages and presented approximately 60 photographs which illustrate the damage to her property. The jury apparently relied on that evidence, as well as that of the expert opinion of the real estate broker, in reaching its findings as to general damages. This conduct

on the part of the jury was proper and should not be overturned. See *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451 (2) (88 SE2d 809); *Holmes v. Harden,* 96 Ga. App. 365 (8) (100 SE2d 101); *Ford Motor Co. v. Hanley,* 128 Ga. App. 311 (2) (196 SE2d 454).

The recent case of *King v. Sinyard,* 139 Ga. App. 14, 18 (227 SE2d 834), is not applicable. The *King* case involved only special damages. In the *King* case evidence to support the verdict for special damages and the form of the verdict did not permit the separation of the illegal elements of the verdict. There, plaintiff sued for $6,000 special damages, and the jury awarded $6,500. Here, the verdict may contain elements of both special and general damages. We have no way of determining how the jury reached its verdict as to damages. There has been no showing that the verdict contains any illegal elements as was shown in the *King* case. The entire verdict for $10,000 might consist of general damages. *Town Finance Corp. v. Hughes,* 134 Ga. App. 337 (4) (214 SE2d 387). The court also charged on general damages that same is such as the law presumes to flow from any tortious act, "and may be recovered without proof of any amount." We find that this charge was objected to in enumeration of error no. 4, but no exception was made to this charge when counsel was given an opportunity to except, as required by Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

The evidence composed of data, photographs and testimony of the damages was ample to authorize the verdict, as the expert's opinion was advisory only and intended to assist the jury in coming to a correct conclusion. See *Childs v. Logan Motor Co.,* 103 Ga. App. 633, 639 (120 SE2d 138); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455, supra; *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75).

The case of *Andrews v. Commercial Credit Corp.,* 129 Ga. App. 294, 296 (199 SE2d 383), as to the jury basing its verdict on guesswork, involves a contract action for a definite sum and has no application to this case. Likewise, *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198), is one for breach of warranty, and the party sued for specific damages.

When the verdict and judgment awards damages within the range of the evidence, factual and physical, this court will not reverse the judgment of the trial court. *Campo Construction, Inc. v. Stembridge,* 138 Ga. App. 555, 557 (226 SE2d 797). The award of $10,000 is well within the range of the estimated damages which could be determined from the evidence. Plaintiff sought over $50,000 in general damages, and the jury could easily have established from the evidence, factual and physical, given that the general damages equalled or exceeded $10,000, excluding the special damages. The verdict and judgment was not excessive, or shown to be based on any bias or prejudice of the jury. We do not re-try factual issues but limit our review to correction of errors of law. *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (208 SE2d 118).

The first two enumerations of error are without merit.

2. In Enumerations 3 and 4 defendant urges that the court erred in certain of its instructions on the issue of damages. However, we note that defendant offered no objection to those instructions, nor did he request specific instructions on the subject of damages. We find no gross injustice which would require consideration of the alleged errors as being harmful as a matter of law. These enumerations of error are not meritorious. See Ga. L., 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1092, 1098 (Code Ann. § 70-207 (a, c)); *King v. Adams,* 113 Ga. App. 708 (1) (149 SE2d 548); *Barlow v. Rushin,* 114 Ga. App. 304 (1) (151 SE2d 199); *Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633).

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Stolz, Webb, Smith, and Shulman, JJ., concur. Marshall, J., concurs in part and dissents in part.*

ARGUED SEPTEMBER 8, 1976 — DECIDED JANUARY 24, 1977 — REHEARING DENIED FEBRUARY 25, 1977 —

*Hatcher, Myerson, Oxford & Irvin, Henry M. Hatcher, Jr., Jack A. Wotton,* for appellant.

*Lawrence C. Chrietzberg,* for appellee.

MARSHALL, Judge, dissenting.

I find myself in full agreement with Divisions 1 (a), (b), and (c) and Division 2 of the principal decision. However, I cannot concur with the majority's view as to the certainty of damages established by the evidence in this case, as set forth in Division 1 (d).

I am in agreement with the basic position advanced by my brothers that the jury is not bound by the testimony of an expert. Thus it is espoused that inasmuch as appellee prayed for $50,000 general damages and the damages returned by the jury only amounted to $10,000, the jury's award is well within the realm of the general damages sought. It is urged that though the trial court limited the general damages to the diminution of value of the real estate, the jury was not bound by the evidence offered by appellee's expert that the property suffered $4,000 to $5,000 loss of market value. It is said that the jury could look to some 60 pictures offered in evidence and use that pictorial evidence to reach its verdict so far different from the value testimony offered by the expert. The difficulty I have with this position is that the pictures were offered to illustrate the position of the ditch, the flow of water, to illustrate the swale, to show silting and similar conditions. Appellee testified that all these conditions had been rectified and offered evidence as to special damages to offset the cost of rectifying the problems illustrated by the photographs. At no time was any evidence offered connecting the pictures to a diminution of market value of the real estate. In my opinion we are faced with a jury reaching a monetary verdict of damages absent any reasonable or sufficient guidelines to aid them in reaching their decision. I have no dispute with the conclusion that appellee is entitled to compensation for the damages caused by the improper diversion and water flow in this case. It is my belief, however, that a jury must have adequate guidelines and supportive evidence to reach a sustainable verdict. *Bendle v. Ortho Mattress, Inc.,* 133 Ga. App. 575 (211 SE2d 618); *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (191 SE2d 290); *Allstate Ins. Co. v. Austin,* 120 Ga. App. 430 (170

SE2d 840); *Leggett v. Brewton,* 104 Ga. App. 580 (122 SE2d 469). In my opinion there was a failure of proof in this case in this regard. I would affirm the verdict insofar as it establishes liability as to the appellant but reverse insofar as it sets damages and return the case for the limited purpose of establishing general damages, if any, by competent evidence.