### 45256. CROWE v. HARRELL et al.

JORDAN, Presiding Judge. The defendant Crowe was the driver of an automobile which struck the rear of an automobile owned by one plaintiff, driven by another plaintiff, his wife, and in which a third plaintiff, his child, was a passenger. The automobile was struck while stopped at an intersection preparatory to making a left turn. The jury found for the plaintiffs, and the defendant appeals from the overruling of her motion for a new trial. *Held:*

1. There being evidence that an eye condition of the plaintiff driver was caused by the collision and had not improved in 18 months, and was for this reason, in the opinion of an opthalmologist, a permanent condition, the court did not err in admitting the· Carlisle Mortality Table. *Powell v. Augusta & Summerville R. Co.,* 77 Ga. 192 (10) (3 SE 757).

2. The court did not err in allowing the plaintiff owner to state his opinion of the value of his automobile immediately before and immediately after the collision as supported by the reasons therefor, including the purchase price, the manner in which he had maintained the automobile, the over-all condition of the automobile immediately before the collision, and details concerning the extent of damage. See *Taber Pontiac, Inc. v. Osborne,* 116 Ga. App. 274 (157 SE2d 33); *Johnson v. Rooks,* 116 Ga. App. 394 (157 SE2d 527). The circumstances here shown distinguish this case from those cases where a lay witness, in stating an opinion of value, fails to give "his reasons therefor"

and fails to show that "he has had an opportunity for forming a correct opinion." See *Code* §§ 38-1708, 38-1709.

3. The trial judge struck from the defensive pleadings the words, "that her [Mrs. Harrell's] negligent failure to require her said infant daughter to use said seat belts was the sole proximate cause of whatever injury her said minor daughter may have sustained." No harmful error appears in view of the subsequent action of the judge, based on objections to the charge as given in respect to causation, in recharging the jury to permit consideration of this defense. In his recharge the judge stated: "The court charges you at this time that if you should find that the causation of the accident was the result of the negligence—that *the proximate cause of the accident was the negligence of Mrs. Harrell,* then in that event you would not be entitled to find for the daughter."

4. There is no evidence whatsoever to disclose what medical expenses, if any, were incurred by the plaintiff father on account of any examination or treatment of his minor daughter for injuries resulting from the collision, and counsel timely objected to jury instructions authorizing the jury to award damages to the father to cover such medical expenses. The judge erred in failing to correct his instructions to restrict recovery to the evidence adduced.

5. The eleventh enumeration is without merit.

6. The remaining enumerations go to the sufficiency of the evidence to support the verdict, which the jury itemized as follows: Medical expenses, $250; automobile damage, $500; Kimberly Harrell (the child), $500; Wayne Harrell (the father and husband), $2000; Shelby Harrell (his wife), $12,000. While there is evidence of extensive treatment and examination of Mrs. Harrell, there is no proof of the cost of any treatment or examination except one charge of $45. Although the evidence of automobile damage is limited to an opinion by the plaintiff of a decrease in value of $400, and the reasons therefor, the jury, in considering the facts on which the opinion was based, was not necessarily limited to the exact figures as stated by the witness, and we conclude that a finding of $500 was authorized. See *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). In all other

respects the evidence clearly authorizes the verdict, and the mere fact that the jury awarded the amount claimed for medical expenses, which exceeds the proof by $205, and the amount claimed for automobile damage, which in view of the proof, is generous, is not, in our opinion, indicative of bias, prejudice, or mistake which require correction only by the grant of a new trial. Instead, we conclude that the error in instructions on recovery for medical expenses and the error in the verdict in this respect may be corrected if the plaintiff Wayne Harrell agrees to write off $205 of his recovery for medical expenses. The defendant having obtained substantial relief against this plaintiff by her appeal, this plaintiff must bear the costs of the appeal. See *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771); *Greene v. Gulf Oil Corp.,* 119 Ga. App. 87 (166 SE2d 626).

*Judgment affirmed in favor of the plaintiff Wayne Harrell on condition that he write off $205, and otherwise affirmed. The costs of appeal are taxed against Wayne Harrell. Eberhardt, J., concurs in the judgment. Pannell, J., concurs specially.*

ARGUED APRIL 7, 1970—DECIDED MAY 21, 1970—
REHEARING DENIED JUNE 9, 1970.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellant.

*Arnold, Cate & Allen, William H. Cate,* for appellees.

PANNELL, Judge, concurring specially. I concur in the judgment but cannot concur with the ruling made in Division 3 of the opinion that the striking from an amendment to the defensive pleadings offered after the close of the evidence of the allegations that the mother's "negligent failure to require her said infant daughter to use said seat belts was the sole proximate cause of whatever injury her said minor daughter may have sustained" was rendered harmless by a charge of the court to the jury "that if you find that the causation of the *accident* was the result of negligence— that the proximate cause of the *accident* was the negligence of" the mother "then in that event you would not be entitled to find for the daughter." Paragraph 7 of the original answer contains the following allegation: "This defendant shows that the

negligence as herein set forth of the said Mrs. Shelby Harrell [the mother and driver of the car in which the child was a passenger] was the sole, direct and proximate cause of the collision between the said two automobiles and whatever injury or damage was suffered by the said Mrs. Harrell or her husband or her said infant daughter, the other plaintiffs in said cause." In my opinion, the charge referring to "accident" could very easily have been interpreted by the jury to mean, and in my opinion, could have no other meaning than, the collision of the two automobiles. If this be so, the charge in no way referred to the negligent lack of use of said seat belts and could not have cured the error, assuming it to have been error, in striking the pleadings referred to.

However, I concur in the judgment for the reason that I do not think it was error to strike that portion of the pleadings. While there seems to be a diversity of opinion as to whether the failure to use seat belts amounts to contributory negligence or such negligence as may reduce the damages upon the application of a comparative negligence rule (see Anno. 15 ALR3rd, p. 1428), we have no such question for decision in this case. What we have here is whether or not the alleged negligence of the mother in failing to require the 8-year-old child to use seat belts could, under the facts of this case, be *the sole proximate cause of the child's injuries.* In my opinion, it could not. Failure to use seat belts does not alone cause collisions between automobiles or between automobiles and other objects, and one whose negligence causes such a collision cannot insulate himself against such negligence resulting in injury to a child, on the basis that the negligence of the mother of the child in failing to fasten seat belts was the sole proximate cause of the injuries received by the child. Under the evidence in this case the failure of the mother to require the child to use the seat belts is not the sole proximate cause of the injuries sustained by the child whether termed intervening or not. "In a situation where there is an act of negligence which is *not operating* and *active* at the time of another which follows, which latter act is caused by a breach of duty which the party guilty of the latter act of negligence owed to the injured party, the law will regard the latter act of negligence as the superseding cause, and will not look beyond it to the first act, unless the person guilty of the first act

of negligence could reasonably have anticipated that the second or intervening act might, not improbably but in the natural and ordinary course of things, follow his act of negligence, or, 'if the misconduct is of such a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some subsequent cause.' 1 Cooley on Torts, 132, 135, § 52; Restatement of the Law of Torts, 1199, § 448; *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109)." *Bozeman v. Blue's Truck Line, Inc.,* 62 Ga. App. 7 (7 SE2d 412).

I do not mean to intimate or express any opinion as to whether or not the act of the mother in failing to require the child to fasten its seat belt can be held negligent; nor do I mean to express any opinion that such act, if negligent, can or cannot be found by a jury to be a concurring cause of the injuries received by the child.