50316. HIXSON v. BARROW et al.
50317. BARROW v. BARROW et al.

ARGUED FEBRUARY 25, 1975 — DECIDED JULY 2, 1975 —
REHEARING DENIED JULY 21, 1975.

*Murray & Temple, Malcolm S. Murray, William D. Temple,* for appellant (case No. 50316).

*Jack K. Bohler, Edward L. Savell, Andrew Robert Greene, Savell, Williams, Cox & Angel,* for appellees (case No. 50316).

*Savell, Williams, Cox & Angel, Edward L. Savell, Andrew Robert Greene,* for appellant (case No. 50317).

*Jack K. Bohler, Murray & Temple, Malcolm S. Murray, William D. Temple,* for appellees (case No. 50317).

STOLZ, Judge.

John Barrow was a guest passenger in a car driven by his brother, Roy Barrow, which was involved in an intersection collision with an automobile owned and operated by Jessie Hixson. John Barrow and his wife sued the drivers of both vehicles, alleging gross negligence against John Barrow's host driver, Roy Barrow, and ordinary negligence against the driver of the other vehicle, Jessie Hixson. As part of the same action, Jessie Hixson sued his co-defendant, Roy Barrow, for damages to his automobile. The cases were tried together. The jury returned verdicts in favor of both plaintiffs (John Barrow and wife) against both defendants (Roy Barrow and Jessie Hixson) in the main action. The same jury returned the maximum possible verdict in favor of Jessie Hixson against Roy Barrow.

■ This case is controlled by *Jarrett v. Parker,* 135 Ga. App. 195. *Jarrett,* supra, held that where two cases arising out of the same occurrence are tried by the same jury, if the two verdicts cannot be reconciled with each other, both must be. set aside. There is simply no distinguishing difference between the facts in *Jarrett,* supra, and those in the case before us. In *Jarrett,* supra, the wife (Mrs. Parker) sued for personal injuries she sustained while driving her husband's automobile when it was involved in a collision with an automobile driven by Mr. Jarrett. Mr. Parker sued Mr. Jarrett for damages done to his car, medical expenses, and loss of consortium. The two cases were tried together. The jury returned a defendant's verdict in the case brought by Mrs. Parker, but returned a verdict in favor of Mr. Parker in his case. This court affirmed the trial judge's grant of plaintiffs' motions for new trials, holding the judgments to be

inconsistent, irreconcilable and illegal. In this case, in order to find in favor of both plaintiffs against both defendants, the jury *had to find that both defendants were guilty of certain degrees of negligence which were the proximate cause of the collision and John Barrow's injuries and damages. In returning a verdict in favor of Jessie Hixson against Roy Barrow for the maximum amount allowed under the evidence, the jury, in effect, held that, under the doctrine of comparative negligence, Jessie Hixson was not guilty of any negligence which was the proximate cause of the collision.* The same jury simply cannot find Hixson guilty of negligence which is a part of the proximate cause of a collision in one breath and in the next completely exonerate him by returning a maximum verdict in his favor. Such is completely inconsistent and irreconcilable.

We are unable to follow the logic of the dissent. The size of the respective verdicts does not control the application of the rules of law. The dissent correctly notes that the jury *is not required* to accept as correct, opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. *Hoard v. Wiley,* 113 Ga. App. 328 (3) (147 SE2d 782); *Crowe v. Harrell,* 122 Ga. App. 7, 8 (176 SE2d 190); *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226). The present case is not controlled by what the jury was not required to do, *but by what the jury did.* Had the jury returned a verdict less than the maximum allowed under the evidence, this appeal would be written differently. The fact is, the jury returned a verdict in favor of Jessie Hixson for the maximum amount allowed under the evidence. In doing so, the jury held that, as between the drivers of the vehicles involved in the collision, Roy Barrow was completely at fault and that Jessie Hixson was not guilty of any negligence which was the proximate cause of the collision. While there may have been evidence from which a jury could have found Hixson guilty of ordinary negligence, the same jury could not do so in one case and then, in effect, find him blameless in another case arising out of the same occurrence. "This type of result breeds an inconsistency into our system that undermines its foundation through destruction of its

credibility." *White v. Hammond,* 129 Ga. App. 408, 412 (199 SE2d 809); *Jarrett v. Parker,* supra.

■ John Cage, a friend of the plaintiff, visited the scene of the wreck before dawn of the same night, after a time span of four hours or less, and remained until after sun-up. His estimate of the length of skidmarks found there and which he was able to see *before* daylight coincided approximately with those of the police officer investigating at the time, but in addition Cage testified to a lighter continuation of the line of marks which he was only able to see in the daylight. This testimony would be admissible whether or not Cage was an expert. Opinion evidence of speed on the part of an eyewitness is admissible, its credit for the jury who may take into account the witness' ability and opportunity to judge. *Shockley v. Baker,* 212 Ga. 106 (4) (90 SE2d 654). Evidence of what *remains at the scene* may be testified to by anyone who saw it, his opportunity to see and the length of time elapsed also going to his credit and being jury questions. However, opinion evidence of speed inferred from an examination of the scene (as, for example, the speed of the vehicle concluded from an examination of tire skidmarks or physical damage to the vehicle) is the subject of expert testimony, which may be offered by a qualified person after stating facts which would so qualify him as having special knowledge in the field, the issue of qualification vel non being for the trial judge. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 860 (126 SE2d 264).

In the case sub judice the witness, after testifying to the physical state of the intersection where the accident occurred, was allowed over objection to state his conclusion as to the speed of the Barrow automobile. This was done on the basis that the witness had for two years worked as an insurance adjuster and stated that he had investigated hundreds of collisions and had an informed opinion on the subject. Under these circumstances it was not error to allow the testimony. Enumerations of error 10 and 11 are without merit.

■ Enumerations 12, 13 and 14 deal with the denial of a motion for mistrial on the part of Hixson (Murray-Temple) on the ground that the co-defendant had injected the issue of insurance into the case. See *Black*

*v. New Holland Baptist Church,* 122 Ga. App. 606 (178 SE2d 571); *Southeast Transport Corp. v. Hogan Livestock,* 133 Ga. App. 825 (212 SE2d 638). "It is the general rule that, where the mere exclusion of such evidence, and appropriate instructions from the court to disregard it and remarks of counsel thereon, can not disabuse the prejudicial impression created upon the jury, a mistrial should be granted. *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 578, 579 (36 SE 59)." *Heinz v. Backus,* 34 Ga. App. 203 (128 SE 915). Ordinarily it is the plaintiff who hankers after some clue to reach the jury's ears that the size of the verdict will not in fact bankrupt the tortfeasor. Here, however, the plaintiff's conduct throughout was exemplary. The word "insurance" was first used by counsel for defendant Barrow in cross examining defendant Hixson about a statement he had given concerning the wreck prior to trial. However, counsel for Hixson had already elicited the information that the interviewer said he was an "agent of Crawford and Company, Ponce de Leon . . . Crawford Adjusting Company on Ponce de Leon Avenue," statements which undoubtedly conveyed to a knowledgeable Cobb County jury that insurance adjusters were interested in the case. The court, noting that the plaintiff did not join in the motion for mistrial and had not participated in the action, instructed the jury in the most forcible language to disregard the questions which counsel had propounded and to disabuse their minds of the subject matter, reprimanded counsel, and finally stated, "If any juror does not obligate himself, under his oath, to disregard the matter in its entirety, please stand up." Nobody stood up. One juror innocently threw the judge into a quandary by asking what the question was, and the judge said: "A question that Mr. Savell questioned the witness, Hixson while he was on the stand. . . If you don't remember them I'm sure we don't have any problem."

This, too, is enumerated as error. Under the circumstances it was doubtless as good a "Solomon's judgment" as any other possible reply. Under the circumstances, and in view of the corrective action taken, the denial of the mistrial was not reversible error, and this especially in view of the undeniable fact that the original

crack in the edifice had been placed there by the objector.

■ "The testimony of a witness as to pertinent facts within his knowledge is the highest and best evidence of such facts, and not a report made by him from previous notes and memoranda, with which report he refreshed his recollection in connection with the testimony." *Draffin v. Massey,* 93 Ga. App. 329 (2) (92 SE2d 38). Where the police officer who investigated the collision testified at length, there was no error in refusing to admit the collision report in evidence. He might, of course, have been cross examined regarding its contents, and if his answers were contradictory to the contents of the report, it might have been used for purposes of impeachment; otherwise, the testimony, not the report, was the best evidence of what the officer found.

■ "If a driver, from intoxication, is in a condition which renders him incapable of operating it with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering or in remaining in the car, or in reference to his conduct while in it." *Powell v. Berry,* 145 Ga. 696, 700 (89 SE 753), and see to the same effect *Freeman v. Martin,* 116 Ga. App. 237 (156 SE2d 511); *Durrett v. Farrar,* 130 Ga. App. 298, 304 (203 SE2d 265). The giving of the instruction complained of in Barrow's first enumeration of error, and failure to give the requested charge set out in his second, show no error. And, where the court charged that "if an ordinarily prudent person would not have entered an automobile driven by a person known to be intoxicated, or whose intoxicated condition is palpably apparent, it would be negligence for one to enter the automobile, and if the injury resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, then the person riding therein could not recover under those conditions," as well as stating the law of assumption of risk in general terms, the instruction given was better phrased and covered the subject matter more completely than the request to charge cited in Barrow's third enumeration of error. The same is true of the failure

to give request number 9, the statement requested being that *if there was anything* to put the passenger on notice, it would be his duty to make inquiry, etc.

■ The charge requested in Enumeration 5 was as follows: "If on the other hand you should find that defendant Barrow's ability to drive with ordinary efficiency was not impaired, then defendant Barrow would not be guilty of negligence in driving under the influence, even though he may have consumed several drinks during the evening." In the first place, such an instruction might be construed to call on a jury to accept as a premise that a person driving under the influence of liquor might nevertheless be operating without any loss of efficiency of his driving ability. A test for driving under the influence or "drunk driving," a crime, is whether or not it is less safe to drive as a result of the liquor imbibed. *Butts v. Davis,* 126 Ga. App. 311 (10) (190 SE2d 595). One of the allegations of negligence against Roy Barrow is that he was operating a motor vehicle while under the influence of intoxicating beverages in violation of former Code § 68-1625. The court did charge the jury in the language of that Code section (cf. present Code § 68A-902, Ga. L. 1974, pp. 633, 761). "There is no longer any requirement in our law that the trial court instruct the jury in the exact language of the request even though such request may be directly applicable to a material issue in the case." *White v. State,* 230 Ga. 327, 339 (196 SE2d 849).

7. For the reasons set forth in Division 1, the trial judge erred in denying the defendants' motions for new trial.

*Judgments reversed. Bell, C. J., Quillian, Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Deen, P. J., and Evans, J., dissent.*

DEEN, Presiding Judge, dissenting.

It is only human nature, after finding a new light of truth to point the path, to follow it at the risk of leaving everything else merged in shadows. This court, having recognized the error of its ways in *Jarrett v. Parker,* 135 Ga. App. 195, is now so aware of the dangers of inconsistent verdicts that it seems likely to find them where none exists.

I agree fully that if these verdicts are inconsistent both cases must be reversed. The facts are, however, that the jury awarded the plaintiff a verdict of $150,000 against both defendants — Barrow's based on gross and Hixson's on ordinary negligence, amply authorized by the evidence, after a lengthy trial, and appearing on appeal to be without error. It awarded Hixson $800 on his cross claim against Barrow for property damage to his automobile. This court reverses both judgments because, as to Hixson's claim, the evidence of value of the automobile was testified to be "about $850," with salvage value of $50. Therefore, says the court, the verdicts were repugnant because the $800 verdict was not mathematically reduced by the percentage of comparative negligence attributable to Hixson. Had the latter verdict been $799, would both be allowed to stand?

"Jurors are not required to accept as correct opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion." *Hoard v. Wiley,* 113 Ga. App. 328 (3) (147 SE2d 782). In *Crowe v. Harrell,* 122 Ga. App. 7, 8 (176 SE2d 190) it was held in a similar instance: "Although the evidence of automobile damage is limited to an opinion by the plaintiff of a decrease in value of $400, and the reasons therefor, the jury, in considering the facts on which the opinion was based, was not necessarily limited to the exact figures as stated by the witness, and we conclude that a finding of $500 was authorized." Exactly the same situation obtains here. The jury was informed that the vehicle in question was used as a taxicab; its age, its make and year model. Probably every juror on the panel was familiar with similar automobiles. If they chose to value the car at $50 or $100 more than the witness did, does this nullify *both* verdicts? A jury may "fix either a lower or a higher value upon the property than that stated in the opinions or estimates of the witnesses." *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226). See also *Baker v. Richmond City Mill Works,* 105 Ga. 225 (31 SE 426); *Atlantic & B. R. Co. v. Howard Supply Co.,* 125 Ga. 478 (54 SE 530); *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2 (102 SE2d 492); *Nottingham v. West,* 69 Ga. App. 876 (27 SE2d 44); *Childs v. Logan Motor*

*Co.,* 103 Ga. App. 633 (120 SE2d 138); *Garner v. Gwinnett County,* 105 Ga. App. 714 (125 SE2d 563); *Ga. Power Co. v. Harwell,* 113 Ga. App. 653 (149 SE2d 376).

Are we to assume, against these verdicts, that the jury intended to find Hixson *nonnegligent* in the collision with defendant Barrow because it did not return a verdict of under $800 for property damage, or may we assume that in valuing the vehicle, knowing its make, model and use, it may have reached a slightly higher value? If we do not in fact *know* how the jury arrived at a finding of market value for the car, does this render the verdicts repugnant so that both are void? "Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it, and one of which would defeat it, it 'will not on this account be set aside, but will be given a construction which will uphold it'." *Calhoun v. Babcock Bros. Lumber Co.,* 199 Ga. 171, 176 (33 SE2d 430).

These cases were tried long, hard, thoroughly and without error. The verdicts are amply supported by evidence and there is no reason to believe a different result would obtain on a retrial. Litigation should not be prolonged indefinitely on merely speculative grounds. I would affirm.

I am authorized to state that Presiding Judge Pannell concurs and Judge Evans specially concurs in this dissent.

EVANS, Judge, specially concurring in dissent.

I concur fully in the dissent but feel it proper to add:

John Barrow was a guest passenger in a car driven by Roy Barrow, his brother. Another car, driven by Jessie Hixson, collided with the Barrow car. John Barrow, the guest passenger, and his wife, jointly sued his host, Roy Barrow, and the driver of the other car, Jessie Hixson. The wife's suit was for loss of her husband's consortium.

Defendant Hixson filed a cross complaint against the driver of the Barrow car, to wit: Roy Barrow. The jury returned verdicts for plaintiffs, husband and wife, against both defendants. The jury likewise returned a verdict on the cross complaint in favor of defendant, Jessie Hixson, against the defendant, Roy Barrow.

Defendant, Jessie Hixson, attacked this verdict in the lower court, contending that it was repugnant, in that

it found defendant Jessie Hixson was negligent and therefore liable to the guest passenger in Roy Barrow's car, and to his wife for loss of the guest passenger's consortium, and at the same time found Roy Barrow negligent and liable to Jessie Hixson.

In making this contention, Jessie Hixson seeks to extend the rulings and holdings in *Jarrett v. Parker,* 135 Ga. App. 195, which was decided by a divided court.

But the case of *Jarrett* is clearly distinguishable. There the plaintiff and defendant were each drivers of the two colliding automobiles, but here the plaintiff was a guest passenger. *The negligence of the plaintiffs was not involved.* The verdicts rendered on the main action and the cross complaint neither adjudicated that John Barrow, the guest passenger (or his wife) had anything whatever to do with the negligence that caused the collision. As to the guest passenger, obviously the jury decided that the drivers of both cars were negligent. And as to Jessie Hixson, the jury obviously decided that the driver of the other car was more negligent than was Hixson.

Thus, we repeat, the *Jarrett* case has no application whatever to the case sub judice.