## 58515. GWINNETT COMMERCIAL BANK v. CITIZENS & SOUTHERN BANK.

McMURRAY, Presiding Judge.

This case involves a struggle between two banks in which each claims a security interest in a certain 1974 Porsche automobile. The vehicle was once owned by James Anthony. He later transferred same to his former wife, Priscilla Anthony, in connection with divorce proceedings.

On February 21, 1974, Anthony executed a consumer motor vehicle note and security agreement with reference to the 1974 Porsche automobile in favor of the Citizens & Southern Bank of North Fulton. On February 26, 1974, the Georgia Certificate of Title for the 1974 Porsche was issued in the name of James R. Anthony, Jr., but it reflected no lien or security interest holder.

On April 30, 1974, James R. Anthony, Jr. executed a 90 day consumer collateral note in favor of the Gwinnett Commercial Bank in which he listed as collateral the same 1974 Porsche automobile together with other property. At that time the certificate of title first obtained and issued "04/10/74" as purchased "02/18/74," with certificate number "7490235" was given to the Gwinnett Commercial Bank, but no application was made to show the bank as the lienholder.

The certificate ("7490235") was then cancelled on record, as an application for replacement title was made

September 24, 1974, and a replacement certificate of title ("8081717") was issued in the name of James R. Anthony, Jr., again reflecting no lien or security interest holder. This replacement certificate of title was cancelled on the record, as an application for title was then made and a third certificate of title ("8268353") was issued in the name of "Jamie" R. Anthony, Jr., "reflecting C & S Bank of North Fulton, . . . as security interest holder." This last certificate of title was then cancelled on record, "as an application for title was made October 15, 1975," and another certificate of title ("9273100") was issued in the name of Priscilla R. Anthony. This certificate of title reflected C & S Bank of North Fulton as security interest holder. This last certificate of title ("9273100") is the current title of record at this (June 22, 1977) time.

Neither of the loans made by Anthony to the two banks were ever paid off. The Gwinnett Commercial Bank, by writ of possession obtained from the Civil Court of Fulton County, eventually obtained possession of the 1974 Porsche automobile.

Whereupon the plaintiff, the Citizens & Southern Bank (formerly the Citizens & Southern Bank of East Point and successor in interest to the Citizens & Southern Bank of North Fulton) sued the Gwinnett Commercial Bank for conversion of the 1974 Porsche automobile, alleging defendant had full knowledge of plaintiff's interest therein. It therefore sought the sum of $5,000 as the value of said vehicle as compensatory damages, $5,000 in punitive damages, and attorney fees, contending the defendant had acted in bad faith and with conscious indifference to the plain, lawful right of the plaintiff, therefore causing it unnecessary trouble and expense.

The defendant answered, denying the material averments of the complaint. By way of a counterclaim, defendant admitted that it had obtained possession of the Porsche automobile by levy under writ of possession, but contends it was entitled to retain possession and to sell said Porsche under process of law, and contends that the plaintiff by the use of fraudulent means and practices allowed the debtor, James Anthony, Jr., to retain the manufacturer's statement of origin after purporting to

have made a loan to him so as to allow him to defraud others including the defendant, that plaintiff's claim to the Porsche automobile is based upon the ownership of Priscilla R. Anthony when in fact she does not have and has not had ownership of said vehicle; plaintiff's interest in the automobile is non-existent in that the debt upon which its security interest was given has been satisfied, and there has been a novation and satisfaction thereof. It also alleges bad faith in the transaction in that plaintiff had made no effort to obtain possession of the Porsche and has relied upon its guarantor on the debt of Priscilla R. Anthony. It seeks damages in the sum of $10,000 in compensatory damages, plus $10,000 in punitive damages and reasonable attorney fees.

The case came on for trial, and at the conclusion and after the presentation of all evidence, the trial court directed a verdict for the plaintiff and against the defendant as to the counterclaim as to fraud and also relative to liability, advising the jury that it would only determine damages under the evidence that was heard. The court then instructed the jury that because of certain evidence and the law applied thereto to bring in a verdict in favor of the Citizens & Southern Bank, the plaintiff. Among other instructions, the court also instructed the jury that the measure of damages in connection therewith would be the fair market value of the automobile on June 7, 1977, plus interest at 7% per annum from that date until today (March 29, 1978). Whereupon a verdict was returned by the jury in the amount of $5,200 plus interest at 7% per annum. Judgment was then entered in favor of the plaintiff in the sum of $5,200 plus interest at 7% per annum from June 7, 1977, in the amount of $314.14, together with the costs of this action and future interest according to law. A motion for new trial was then filed, amended and thereafter denied after a hearing. Defendant appeals. *Held:*

1. The first enumeration contends that the trial court erroneously charged the jury "that it was bound to return a verdict in an amount not greater nor lesser than that given by Appellee's witness as his opinion of the value of the automobile." The trial court charged the jury that it would consider the evidence that has been "educed

[sic-adduced]" relative to the fair market value of the automobile during the period in question (from the date of conversion to the date of trial); and that the jury "would not be allowed to bring in a verdict in excess of any of the evidence that's presented here before you today relative to the fair market value of that automobile nor would you be allowed to bring in a verdict on that measure of damages for less than the evidence that has been presented here before you today." Thereafter, the jury sought further guidance from the court as follows: "[W]e are unsure as to a minimum amount of value we are allowed to award." Whereupon the trial court again charged the jury that the measure of damages would be the fair market value of the automobile on June 7, 1977, plus interest at 7% per annum from that date until today. The court instructed the jury again as to the fair market value of the automobile, that the jury "would be confined to the evidence that was presented before you in the trial. You could not find below the minimum value that was testified to or that the evidence gave to you," and "you could not find insofar as the fair market value damages a figure in excess of the highest testimony evidence." Exception was then made to the charge as given. Defendant contends that the only evidence of value was the testimony of one of plaintiff's witnesses and that the charge as given plainly required the jury to return damages in an amount not greater nor less than the value of the car based on the opinion testimony of this witness, and that the court's instruction dictated the amount of the verdict and that the jury was bound to accept this witness' testimony.

The correct rule is that jurors are not absolutely bound to accept as correct the opinions of witnesses as to the value of property, though uncontradicted by other testimony. The jury has the right to consider the nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question and by their verdict they may fix either a higher or lower value on the property than that stated in the opinions and estimates of the witnesses. See *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428); *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226); *McLendon v. City of LaGrange,* 47 Ga.

App. 690, 691 (3) (171 SE 307); *Sammons v. Copeland,* 85 Ga. App. 318, 321-322 (69 SE2d 617). The jury is not compelled to accept the testimony of an expert witness as to value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. See *Hixson v. Barrow,* 135 Ga. App. 519, 521 (1) (218 SE2d 253); *Hogan v. Olivera,* 141 Ga. App. 399, 402, supra. Automobiles today are items well within the common knowledge of everyone including jurors, although a 1974 Porsche may well be a peculiar and exceptional type of automobile not necessarily found in great numbers. Nevertheless, even though this witness' testimony was uncontradicted by other testimony, the jury has "the right to consider the nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question, and by their verdict, *may fix either a lower or higher value upon the property than that stated in the opinions and estimates* of the witnesses. See *Southern v. Cobb County,* 78 Ga. App. 58 (2) . . .; *McLendon v. City of LaGrange,* 47 Ga. App. 690 (3) . . .; *Sammons v. Copeland,* 85 Ga. App. 318, 320 (1) . . ." *Hogan v. Olivera,* 141 Ga. App. 399, 402, supra. In addition there was other factual evidence as to the condition of this automobile. The trial court was in error in its charge to the jury which was tantamount to advising the jury it could find no greater nor lesser amount than that which they heard from the evidence (plaintiff's expert witness) before the court. This witness as to value testified that in his opinion the value of the automobile was $5,200 although he did testify that in the market it would be offered "64, 65 or 62 in that area"; that he knew of a comparable car which we would ask "$5,700.00", and would probably take less in the business, that is "55," or "54." His testimony was that the retail value was approximately $6,500 with the wholesale value "in the neighborhood of some $5200.00." The finding of the jury was $5,200, which was within the range of his testimony and no less than the lesser value. Consequently the charge was injurious to the defendant in that it controlled the jury as to its finding of value. This was in accordance with the instructions from the trial court, all of which was tantamount to a direction of the

verdict by the court. The charge was in error which requires the grant of a new trial.

2. The remaining arguments of the defendant are concerned with the granting of plaintiff's motion for directed verdict, as to the defendant's counterclaim and as to the issue of liability, as the court instructed the jury to return a verdict for damages in favor of the plaintiff, the measure of damages being the fair market value of the automobile on the date of conversion. From our examination of the entire record we gather that defendant is seeking to show the plaintiff failed to perfect its security interest in the automobile when given the first opportunity. At that time the original certificate of title made no mention of plaintiff as a lienholder or secured party. The debtor then obtained a certificate of title and obtained the second loan with the defendant, the defendant retaining the certificate of title but not making application for a new certificate of title showing defendant as a security interest holder. Thereafter the debtor obtained a replacement title certificate, again reflecting no lien or security interest holder. When a third certificate (the second replacement certificate) was cancelled of record, plaintiff was listed as security interest holder, and thereafter when the certificate of title was transferred to Priscilla R. Anthony it also reflected the plaintiff as a security interest holder. While it is quite clear that the debtor was engaged in a fraudulent activity in listing the automobile as security in two different instances, nevertheless, none of this testimony reflects upon the plaintiff as being involved in any respect in the undertaking. Plaintiff also submitted evidence that defendant was well aware of its recorded lien status.

The opposing parties both cite Code Ann. § 68-421a (Ga. L. 1961, pp. 68, 83; 1962, pp. 79, 85; 1965, pp. 304, 311; 1969, pp. 92, 93; since amended after the transaction here involved by Ga. L. 1978, pp. 1081, 1139) as to the perfection of security interest in and lien against a motor vehicle, each contending that the other violated the law in failing to perfect their security interest which is quite evident from the various certificates which were issued in this case. At the time the loan was obtained from the defendant, plaintiff's interest in the vehicle was not yet

perfected and had the defendant presented the original certificate of title with a proper application to the State Revenue Commissioner to protect its status and to obtain a first lien, defendant could have perfected its security interest under Code Ann. § 68-421a (c), supra. Unfortunately it did not do so, but merely placed the certificate of title in its file. Thereafter the original lender, the plaintiff herein, perfected its security interest which was superior to that of the unperfected security interest of the defendant. Accordingly the trial court did not err in directing the verdict against the defendant as to liability and the counterclaim which claims that the plaintiff caused the debtor to defraud the defendant.

Attention is here called to the language of Code Ann. § 68-421a (c) (3), supra, that a lien on a vehicle for which a certificate of title is required "shall be perfected and shall be valid against subsequent transferees and holders of security interest and liens only by compliance with this section." In subparagraph (5), under paragraph (c), we find that "no lien shall be effective as to a vehicle unless so perfected." The plaintiff was the lienholder of record as to the vehicle here "even though the Certificate of Title is only prima facie evidence of ownership and can be contradicted by other evidence." See *McMath v. Columbus Bank &c. Co.,* 136 Ga. App. 723, 725 (5) (222 SE2d 177). The trial court did not err in directing the verdict against the defendant as to liability and the counterclaim.

For the reasons stated above in Division 1 a new trial will be necessary.

*Judgment affirmed in part and reversed in part. Underwood, J., concurs. Banke, J., concurs in the judgment only.*

ARGUED SEPTEMBER 26, 1979 — DECIDED OCTOBER 11, 1979 — REHEARING DENIED OCTOBER 31, 1979 — 

*G. Hughel Harrison, John F. Doran, Jr.,* for appellant.
*Jay D. Bennett, Franklin R. Nix,* for appellee.