## 59210. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. CHADWICK.

Sognier, Judge.

Chadwick brought suit to recover under an automobile insurance policy issued by State Farm for the total destruction of his automobile in a collision. He alleged that its fair market value immediately prior to the collision was $1,650 and immediately after the collision was $100 which, after subtracting the $100 deductible, amounted to a loss of $1,450. He also sought recovery of rental fees for a replacement vehicle, storage costs for the damaged car, bad faith penalty and attorney fees. After hearing testimony relative to loss of the vehicle, wrecker service, storage and salvage value, the jury returned a verdict in favor of the plaintiff for $1,550 damages, $387 bad faith penalty and $800 attorney fees. State Farm appeals, ennumerating seven errors. We affirm the verdict and judgment, holding as follows:

1. There was sufficient evidence to support the verdict and judgment. Chadwick testified without objection as to his opinion of the value of the car before and after it was damaged and as to the salvage value. He also gave "his reasons therefor" and did not fail to show that "he has had an opportunity for forming a correct opinion," which is proper evidence under Code §§ 38-1708, 38-1709. *Crowe v. Harrell,* 122 Ga. App. 7 (2) (176 SE2d 190) (1970); *Burch v. Lawrence,* 150 Ga. App. 351 (1) (258 SE2d 35) (1979).

2. The evidence was also sufficient to support the amount of the verdict. The jury did not specify what amount was allowed for salvage, storage or damage to Chadwick's automobile. While the figure reached was neither the highest nor the lowest possible under the evidence presented, it was within the prayers for relief. Storage was a proper item of damages under the policy. In light of the insurance adjuster's offer to move the vehicle, which was refused by Chadwick, it is not unreasonable to assume that $1,450 was for damage to the car and $100 for storage after allowance for the deduction and salvage. In any event, the issue was resolved by the jury under the correct rules of law set forth by the court in its charge, and no reversible error occurred. Compare *Summerfield v. DeCinque,* 143 Ga. App. 351, 353 (3) (238 SE2d 712) (1977).

3. We agree with appellant's argument that the good or bad faith of an insurer in refusing to pay after demand is to be measured solely by the evidence adduced at trial. However, the evidence here did not demand a directed verdict in appellant's favor. Chadwick delivered a demand letter pursuant to Code Ann. § 56-1206 for the amount of $1,450, after the insurance adjuster for the appellant had

made five offers ranging downward from $1,250 to $800. The appellant chose not to answer the demand letter or make a counter proposal either to Chadwick or to his attorney. The adjuster further testified that he knew the salvage value to be $175, but he was going to "stretch a dollar" and deduct $200 from whatever Chadwick was paid. The trial judge concluded this was sufficient evidence to place the issue of a bad faith penalty before the jury. The award of $387 bad faith penalty was within the statutory rule of 25% of the loss.

The Supreme Court has stated that "[T]he proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Accident Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979). " 'The Supreme Court's clarification of the rule of law applicable to appellate review of a verdict such as the one now before us demonstrates unequivocally that the issue was properly submitted to the jury since, under the facts of this case, it cannot be said "as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." ' [Cit.]" *State Farm Fire & Cas. Co. v. Mills Plumbing Co.,* 152 Ga. App. 531, 538 (4) (263 SE2d 270) (1979). Accordingly, it was not error to fail to direct a verdict for the insurer or to render judgment for Chadwick for bad faith penalty and attorney fees under Code Ann. § 56-1206.

4. Evidence as to attorney fees was presented by an attorney qualified as an expert on the subject and was based on his opinion, his study of the file in this case and also upon a hypothetical question, all of which methods are proper under Code § 38-1710. We find no error for any reason asserted.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 23, 1980.

*J. Clinton Sumner, Jr.,* for appellant.
*William Jerry Westbrook,* for appellee.