69002. FORTENBERRY et al. v. SANDERS.
(323 SE2d 697)

BANKE, Presiding Judge.

The appellants, Julie Ann and Jennifer Fortenberry, were allegedly injured when Julie Ann drove the family car off a highway and struck the appellee's mailbox. They sued, contending that the appellee was negligent in maintaining the mailbox because its steel construction made it unnecessarily solid and because it was placed where it could foreseeably cause injuries and damage. In Count 3 of the complaint, they further alleged that the mailbox constituted a "man trap."

The evidence of record establishes without dispute that the mailbox was located on the appellee's property about 40 inches from the road. It further appears without dispute that while adjusting the heater control of her car, Julie Ann lost control of the vehicle to the extent that its right front tire dropped off the pavement, causing the vehicle to slide into the mailbox. This appeal is from the grant of the appellee's motion for summary judgment. *Held*:

1. The appellants contend that factual issues for jury resolution are created by evidence that the appellee, responding to the loss of 13 previous mailboxes to vandals, intentionally built the mailbox strong enough to withstand an impact such as the one effected by their vehicle. However, the evidence of record discloses no circumstances which might conceivably give rise to a duty on the part of the appellee to protect against the possibility that automobiles might stray from the highway onto his property. There is no indication that the mailbox had ever been struck by a vehicle in the past, nor are there any other facts suggesting that the defendant knew or should have known that

his mailbox might pose a danger to passing vehicles. The evidence establishes without dispute that the mailbox could easily be seen by drivers using the adjacent road, and there is no indication that its placement was uncommon to the manner of placement of roadside mailboxes in general. By no stretch of the imagination could it be considered a "secret and hidden peril." Compare *Cook v. Sou. R. Co.*, 53 Ga. App. 723 (187 SE 274) (1936). Indeed, the only evidence suggesting negligence of any kind is that which concerns the operation of the Fortenberry vehicle.

2. "The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or a licensee and has prepared the premises to do him injury. [Cit.] A typical example is the setting of a spring or trap gun to stop or prevent depredations by animals or humans . . . [Cit.] In that situation the owner expects that a trespasser will come, and deliberately sets a trap designed to do injury." *Crosby v. Savannah Elec. &c. Co.*, 114 Ga. App. 193, 198 (150 SE2d 563) (1966). As noted in Division 1, there is no indication that the defendant's mailbox had ever been struck by a motor vehicle before the incident in question, nor was there any other reason for the appellee to expect that an automobile would hit it. The fact that it was constructed in a sturdy manner so as to discourage vandals who had destroyed 13 previous versions, affords no basis for recovery on the theory of "man trap."

3. The appellants contend that the trial court erred in failing to consider the appellee's deposition in ruling on the motion for summary judgment. The basis for this enumeration of error is a statement in the court's order that "the documentary evidence considered by this court included the deposition[s] of . . . [the appellants Julie Ann and Jennifer Fortenberry]." We do not accept appellants' interpretation of this language as signifying that the trial court failed to consider any evidence other than their depositions, not do we find any other indication that the trial court failed to consider all relevant evidence of record. See *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980).

4. Under the provisions of Court of Appeals Rule 26 (b), this court is empowered to impose a penalty not to exceed $500 in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal or motion which the court determines to be frivolous. This rule applies only to those cases in which there is no money judgment. In the present case, where the only discernible breach of a legal duty was attributable to the appellants themselves, we find no reasonable basis for the appellants to have anticipated reversal of the trial court's judgment. Accordingly, a penalty of $350 for a frivolous appeal is hereby assessed. The trial court is directed to enter judgment for this amount against the appel-

lant and in favor of the appellee.

*Judgment affirmed with direction. Pope and Benham, JJ.,
concur.*

DECIDED NOVEMBER 1, 1984.

*Linda B. Carlisle*, for appellants.
*Joseph C. Parker, Earl W. Gunn*, for appellee.