### 77625. WHITE v. HARDEGREE.
(378 SE2d 877)

BEASLEY, Judge.

White was treated by physician Serrato, operator of Columbus Orthopedic Clinic, P. C., following an auto collision. White assigned his no-fault (PIP) insurance benefits to the clinic to pay for his treatment. Coverage was provided by Balboa Insurance Company. Balboa's claims were administered by Ebco General Agency, which retained adjuster Haywood to process White's claim.

The clinic sent Haywood a copy of the assignment of benefits with the result that, when White made his initial request for payment of PIP benefits, Balboa issued the check payable to White, White's attorney Kent, and the clinic. During a meeting between Haywood and Kent, Kent informed Haywood that the clinic had been paid. Kent sent the check back to Haywood asking that it be reissued, eliminating the clinic as a payee because it allegedly had been paid. Kent sent a second similar request to Haywood. At Haywood's request, Balboa issued a second check for White's remaining PIP benefits to White and Kent.

The clinic claimed nonpayment and, by attorney Hirsh, sued White, Balboa, Ebco, and Haywood individually and d/b/a Haywood Adjusters. It alleged that each was liable for the cost of medical treatment rendered to White. Prior to filing suit, Hirsh sent a demand letter on behalf of the clinic to Clark, the independent agent who had procured the Balboa policy for White.

Thereafter, Balboa and Haywood sought attorney Hardegree's advice as to whether they would have to pay twice for the clinic's treatment of White. It was Hardegree's opinion that, notwithstanding

Kent's representations to Haywood that the clinic had been paid, Balboa would have to pay again because it had knowledge of the alleged assignment of benefits prior to issuing the second PIP benefits check to only White and Kent.

Hardegree wrote Kent informing him that he had been retained by Balboa, that he agreed with Hirsh that Balboa was secondarily liable to the clinic because of the assignment of which it had notice, and that Balboa through Haywood had reissued the check payable to only Kent and White based upon Kent's oral and written representations that the clinic had already been paid. The letter instructed and requested Kent and White, individually and jointly, to pay the clinic the amount which had been paid directly to them.

In response to the filing of the clinic's action, Haywood and Balboa filed cross-actions against White, and Haywood filed a third-party complaint against Kent alleging that Kent fraudulently induced the payment of the PIP benefits to himself and to White.

White, represented by Kent, then filed a third-party complaint against Hardegree. The contentions in White's claim were essentially that 1) Hardegree had manufactured allegations against Kent to force White and Kent to pay the clinic charges; 2) Hardegree falsely and wilfully misled and caused attorney Hirsh to file the suit on behalf of the clinic; 3) in Hardegree's letter to Kent there were certain libelous statements which in some way accused Kent and White of a crime and were otherwise actionable; 4) in the letter, Hardegree had accused Kent and White of fraud and misrepresentation, and demanded that money be paid under a void assignment of benefits which Hardegree knew was void; 5) Hardegree's letter contained certain false allegations which were made in an attempt to force payment of the debt to the clinic; 6) in the letter Hardegree had falsely and maliciously stated that Balboa had been induced by Kent's statement that the clinic had been paid to reissue a check payable only to Kent and White; 7) Hardegree's letter was actionable, intentional and non-privileged interference by a third party (Hardegree) with the existing contractual relations between White and Balboa; 8) Hardegree's actions were a deliberate attempt to accuse Kent and White of a crime and to force the collection of a claim; and 9) Hardegree requested or influenced Haywood to file a complaint against Kent with the State Bar of Georgia. White prayed for all expenses and attorney fees incurred in defending the clinic's action, the cross actions and the third-party complaint against Kent, damages for "fraudulent conspiracy to recoup" the insurance benefits, and general and punitive damages.

Hardegree moved for summary judgment on White's third-party claim against him. It was granted, and White appeals.

1. The third-party complaint at issue and this appeal have been brought solely by White. However, the substance of virtually all of

the contentions of Hardegree's tortious actions, i.e., statements and motivation as reflected in Hardegree's letter to Kent, are directed to Kent rather than White. A threshold question is whether such claims can stand at all brought solely by White. However, it need not be decided because there is no indication that a real party-in-interest objection, see OCGA § 9-11-17, was raised below. Further, "summary judgment cannot properly be granted to a defendant on the basis of a real party-in-interest objection. [Cit.]" *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984).

2. Statements in the letter regarding Kent's assurances that the clinic had been paid are supported by the evidence, including Kent's own affidavit to the effect that he had informed Haywood that the clinic had been paid and had requested that Balboa reissue the benefits check to White.

There is no evidence that attorney Hirsh was induced by action or statement of Hardegree to file suit on behalf of the clinic. Hirsh averred in affidavit that in filing suit, he did not rely in any way on any statement made by Hardegree as to the validity or non-validity of the assignment of no-fault benefits to the clinic nor was he induced to file suit by anything Hardegree did or said.

There is no evidence that Hardegree had knowledge of any defect in the assignment of benefits.

There is no evidence of actionable libel stemming from the letter in question. See OCGA § 51-5-1. First, there is no evidence that Hardegree's statements were false. In fact, quite the opposite. The statements were premised on Kent's admitted representations to Haywood that the clinic had been paid and Kent's repeated requests for reissuance of the insurer's check deleting the clinic as a payee. See OCGA § 51-5-6. Moreover, Hardegree was expressing his legal opinion about the situation of the clinic's claims and the parties' respective liabilities in relation thereto. "The expression of opinion on 'matters with respect to which reasonable men might entertain differing opinions' [cit.] is not libelous." *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745, 747 (3) (337 SE2d 770) (1985). Also, the statements were privileged communications under OCGA § 51-5-7 (2), (3) and (6).

Finally, there is no evidence to successfully counter Haywood's averment in affidavit that Hardegree never urged or suggested in any way that he file an ethical complaint against Kent with the State Bar of Georgia.

Hardegree, having successfully pierced White's allegations and established as a matter of law that White could not recover under any theory fairly drawn from the pleadings and evidence, was entitled to summary judgment as a matter of law. *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85) (1981); OCGA § 9-11-56.

3. Appellee moves this court for the imposition of a penalty against appellant for bringing a frivolous appeal pursuant to OCGA § 5-6-6, but the statute awards 10 percent damages only "upon any judgment for a sum certain which has been affirmed." He also asks that sanctions be awarded pursuant to "all other relevant Georgia law." Therefore, we address his request under Court of Appeals Rule 26 (b) which permits this court to impose a penalty not to exceed $500 for a frivolous appeal in those civil cases in which there is no money judgment.

Inasmuch as we find no reasonable basis for the appellant to have anticipated reversal of the trial court's judgment, we assess a penalty of $500 for a frivolous appeal. Judgment is to be entered for this amount against appellant and in favor of the appellee. See *Fortenberry v. Sanders*, 172 Ga. App. 509, 510 (4) (323 SE2d 697) (1984).

*Judgment affirmed with direction. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 30, 1989 —
REHEARING DENIED FEBRUARY 13, 1989 — 

*L. B. Kent*, for appellant.
*H. Lane Young II, Joseph A. Roseborough*, for appellee.