A90A1072. SANDERS v. ROBERTSON et al.
(397 SE2d 26)

BEASLEY, Judge.

The Robertsons sued general contractor Sanders and architect Coleman for the negligent design and construction of a residence, seeking $45,612. A verdict was directed for Coleman and the jury awarded $30,000 against Sanders. Sanders contends that the Robertsons did not prove what damages were caused by him and that the jury verdict was not authorized by the evidence.

1. The plaintiffs presented evidence showing they paid a total of $45,612 for structural repairs to the house necessitated by Sanders' negligent construction, engineering consultant's fees, interest and closing costs on loans made to pay for these structural repairs, additional interest paid as a result of delays caused by Sanders, and payments for nonstructural, cosmetic repairs of defects and incompletions attributable to Sanders. Expert evidence authorized the jury to conclude that all of the appellees' damages were incurred through Sanders' negligent failure to possess and exercise the appropriate standard of care and skill in his occupation, by not following the architect's plans or recognizing certain inadequacies in the plans. There was also evidence that eighty percent of the appellees' total damages were solely attributable or apportionable to Sanders.

The measure of damages for the correction of "faulty" work is the amount necessary to repair the defective workmanship; for delay in the performance of a contract, damages usually are for loss of the use of the property involved, for which the injured party may recover damages based on interest on the value of the property. *Doughty v.*

*Simpson*, 190 Ga. App. 718 (2) (380 SE2d 57) (1989). "[J]urors are not absolutely bound to accept as correct the opinions of witnesses as to the value of property, though uncontradicted by other testimony. The jury has the right to consider the nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question and by their verdict they may fix either a higher or lower value on the property than that stated in the opinions and estimates of the witnesses. [Cits.] The jury is not compelled to accept the testimony of an expert witness as to value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. [Cits.]" *Gwinnett Commercial Bank v. C & S Bank*, 152 Ga. App. 137, 140-141 (1) (262 SE2d 453) (1979).

"Unless a jury verdict is palpably unreasonable or excessive, or the product of bias, it will not be disturbed on appeal. [Cits.] In this case the amount awarded is less than that shown by the evidence and therefore cannot be said to be palpably unreasonable or excessive, nor is there any showing that it was influenced by bias. The trial court did not err in sustaining the verdict. . . ." *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 186 (3) (308 SE2d 399) (1983). It follows that "the case was not subject to directed verdict on the ground of failure to prove damages. [Cits.]" *Godowns v. Cantrell*, 186 Ga. App. 100, 101 (366 SE2d 415) (1988).

2. Appellees have moved for the imposition of an award of damages for frivolous appeal pursuant to OCGA § 5-6-6. As we agree that there was no arguable merit to the appeal and it appears to have been brought for purposes of delay only, appellees are awarded an additional ten percent damages, which the trial court is directed to add on remittitur. *Phillips v. Plymale*, 191 Ga. App. 338 (3) (381 SE2d 580) (1989). Accord *Butler v. First Family Mtg. Corp.*, 191 Ga. App. 360 (2) (381 SE2d 551) (1989); *White v. Hardegree*, 190 Ga. App. 275 (3) (378 SE2d 877) (1989).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Martin S. Jackel*, for appellant.
*George M. Rountree, C. Grant Washington*, for appellees.